UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK JACK, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>ASBESTOS CORPORATION LTD,<br>et al.,<br><br>                Defendants. | CASE NO. C17-0537JLR<br><br>ORDER |

The court has further reviewed Plaintiffs Patrick Jack and Leslie Jack's (collectively, "the Jacks") complaint (Compl. (Dkt. # 1)) and the corporate disclosure statements filed to date (*see* Corp. Discl. Statements (Dkt. ## 5, 9, 12, 20, 22, 25, 28, 29, 31, 33, 37, 39, 41, 46, 48, 50, 51, 52, 55, 57, 62, 69, 75, 77, 80, 83, 86, 87, 103, 104, 105, 106, 124)). Based on its review, the court finds that Defendants Goulds Pumps, LLC ("Goulds"), M.W. Custom Papers, LLC ("M.W."), Hennessy Industries, LLC's ("Hennessy"), and Crosby Valve, LLC's ("Crosby") (collectively, "LLC Defendants")

corporate disclosure statements call into question the court's subject matter jurisdiction on the basis of diversity of citizenship. (*See* Goulds Statement (Dkt. # 41); M.W. Statement (Dkt. # 57); Hennessy Statement (Dkt. # 106); Crosby Statement (Dkt. # 124); Compl. ¶ 40 (asserting diversity jurisdiction).) The Jacks assert that the court's jurisdiction is based on diversity of citizenship. (*See* Compl. ¶ 40 (citing 28 U.S.C. § 1332).) A federal court has diversity jurisdiction over cases where the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company ("LLC"). *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *see also* Local Rules W.D. Wash. LCR 8(a).

In their complaint, the Jacks name LLC Defendants as corporations (Compl. ¶¶ 11, 19-20, 26) (naming Crosby Valve, Inc., Goulds Pumps, Inc., MeadWestvaco Corporation, and Hennessy Industries, Inc., as defendants)), but LLC Defendants state that they are in fact LLCs (Goulds Statement at 1 (stating that Goulds Pumps, Inc., is now known as Goulds Pumps LLC); M.W. Statement at 1 (stating that the Jacks improperly named M.W. Custom Papers, LLC, as MeadWestvaco Corporation); Hennessy Statement at 1 (stating that the Jacks improperly named Hennessy Industries, LLC, as Hennessy Industries, Inc.); Crosby Statement at 1 (stating that the Jacks improperly named Crosby Valve, LLC, as Crosby Valve, Inc.). Goulds, M.W., and Crosby do not state who its members are or where those members are domiciled (*see* Goulds Statement at 1; M.W.

Statement at 1; Crosby Statement at 1), and although Hennessy states that Fortive Corporation ("Fortive") is its sole member, Hennessy does not state the domicile of Fortive (*see* Hennessy Statement at 1). Because the Jacks have not alleged the domicile of all of the members of LLC Defendants, the court cannot determine whether the Jacks have properly invoked the court's subject matter jurisdiction.[1]

Accordingly, the court ORDERS the Jacks to file a response of no more than three (3) pages addressing where all of LLC Defendants' members are domiciled. The Jacks must file their response no later than Tuesday, May 23, 2017, at 1:00 p.m. If the Jacks fail to file a response or otherwise demonstrate the court's subject matter jurisdiction, the court may dismiss this action without prejudice.

The court further ORDERS Goulds, M.W., Hennessy, and Crosby to participate in the May 23, 2017, hearing in person or telephonically. (*See* 5/18/17 Min. Order at 2.) At the hearing, Goulds, M.W., Hennessy, and Crosby must be prepared to address the domicile of their members. If any of those defendants wishes to participate in the hearing telephonically, the party must contact the undersigned judge's Courtroom Deputy no later than Tuesday, May 23, 2017, at 10:00 a.m. to arrange a telephonic appearance. Goulds,

---

[1] The Jacks also name as defendants Pneumo Abex, LLC, and Warren Pumps, LLC. (*See* Compl. ¶¶ 30, 36). However, those defendants' corporate disclosure statements satisfy the court that their citizenship is diverse from that of the Jacks. (*See* Pneumo Statement (Dkt. # 69) at 1 (stating that Pneumo Abex is domiciled in South Carolina, Pennsylvania, and Delaware); Warren Statement (Dkt. # 5) at 1 (stating that IMO Industries, Inc., is Warren's sole member); Compl. ¶ 22 (alleging that IMO Industries, Inc., is a citizen of Delaware and New Jersey).) In addition, the Jacks name as a defendant Borg-Warner Corporation ("Borg-Warner"). (Compl. ¶ 7.) In its corporate disclosure statement, Borg-Warner states that the proper defendant is actually BorgWarner Morse TEC, LLC, of which Borg-Warner is the sole member. (Borg-Warner Statement (Dkt. # 48) at 1.) For purposes of diversity jurisdiction, the Jacks' complaint sufficiently alleges that BorgWarner is a citizen of Delaware and New York. (Compl. ¶ 7.)

M.W., Hennessy, and Crosby may—but are not required to—file a response addressing where their members are domiciled subject to the page limitation and deadline set forth above.

Dated this 22nd day of May, 2017.

JAMES L. ROBART
United States District Judge