UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK JACK, et al., | CASE NO. C17-0537JLR |
| Plaintiffs, | ORDER DIRECTING |
| v. | SUPPLEMENTAL BRIEFING |
| ASBESTOS CORPORATION LTD., et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court is Plaintiffs Patrick and Leslie Jack's response to the court's order to show cause regarding subject matter jurisdiction and Defendants M.W. Custom Papers, LLC ("M.W."), Hennessy Industries, LLC's ("Hennessy"), Crosby Valve, LLC ("Crosby"), and Goulds Pumps, LLC's ("Goulds") supplemental corporate disclosure statements. (SMJ Resp. (Dkt. # 136); M.W. Supp. Statement (Dkt. # 133); Crosby Supp. Statement (Dkt. # 134); Hennessy Supp. Statement (Dkt. # 135); Goulds Supp. Statement

(Dkt. # 141).)  Based on these filings and the May 23, 2017, hearing at which the court ordered supplemental briefing on whether the court has subject matter jurisdiction over Hennessy and Crosby, the court issues this order to clarify its May 23, 2017, oral ruling directing supplemental briefing.

## II.     BACKGROUND & ANALYSIS

### A.     Legal Background

A federal court has diversity jurisdiction over cases where the citizenship of the adverse parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.  For purposes of assessing diversity jurisdiction, the court must consider the domicile of all members of a limited liability company ("LLC").  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."); *see also* Local Rules W.D. Wash. LCR 8(a).  If a member of an LLC is another LLC, the court considers the domicile of the members of that LLC.  *See Johnson*, 437 F.3d at 899.  If a member of an LLC is a corporation, the court must consider the corporation's place of incorporation and principal place of business in assessing domicile for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

### B.     Factual Background

The Jacks assert that the court's jurisdiction is based on diversity of citizenship. (*See* Compl. (Dkt. # 1) ¶ 40 (citing 28 U.S.C. § 1332).)  In their complaint, the Jacks name certain defendants as corporations (Compl. ¶¶ 11, 19-20, 26 (naming Crosby Valve, Inc., Goulds Pumps, Inc., MeadWestvaco Corporation, and Hennessy Industries, Inc., as

defendants)), but those defendants—Goulds, M.W., Hennessy, and Crosby (collectively, "LLC Defendants")—state that they are in fact LLCs (Goulds Statement (Dkt. # 41) at 1 (stating that Goulds Pumps, Inc., is now known as Goulds Pumps LLC); M.W. Statement (Dkt. # 57) at 1 (stating that the Jacks improperly named M.W. Custom Papers, LLC, as MeadWestvaco Corporation); Hennessy Statement (Dkt. # 106) at 1 (stating that the Jacks improperly named Hennessy Industries, LLC, as Hennessy Industries, Inc.); Crosby Statement (Dkt. # 124) at 1 (stating that the Jacks improperly named Crosby Valve, LLC, as Crosby Valve, Inc.). Goulds, M.W., and Crosby did not state who their members are or where those members are domiciled (*see* Goulds Statement at 1; M.W. Statement at 1; Crosby Statement at 1), and although Hennessy stated that Fortive Corporation ("Fortive") is its sole member, Hennessy did not state the domicile of Fortive (*see* Hennessy Statement at 1).

Based on its review of the docket, the court found that Goulds, M.W., Hennessy, and Crosby's corporate disclosure statements called into question the court's subject matter jurisdiction on the basis of diversity of citizenship. (*See* 5/22/17 Order (Dkt. # 126); Goulds Statement; M.W. Statement; Hennessy Statement; Crosby Statement; Compl. ¶ 40 (asserting diversity jurisdiction).) Accordingly, the court ordered the Jacks to file a response of no more than three pages addressing where LLC Defendants' members are domiciled and ordered LLC Defendants to appear at the May 23, 2017, hearing in person or telephonically. (5/22/217 Order; 5/18/17 Order (Dkt. # 110) (setting hearing for May 23, 2017).)

//

On May 23, 2017, the Jacks responded to the court's order and LLC Defendants filed supplemental corporate disclosure statements.  (*See* SMJ Resp.; M.W. Supp. Statement; Crosby Supp. Statement; Hennessy Supp. Statement; Goulds Supp. Statement.)  Based on the Jacks' response and the supplemental statements, the court continues to question whether the court has subject matter jurisdiction over the Jacks' claims against Hennessy and Crosby.[1]  The court addresses each of the deficiencies in turn.

1.  Hennessy

The Jacks state that Hennessy's sole member is Fortive Corporation, which is incorporated in Delaware and has its principal place of business in Washington.  (SMJ Resp. at 2; Hennessy Supp. Statement at 2.)  Hennessy's Washington citizenship destroys complete diversity, *see* 28 U.S.C. § 1332(a), which the Jacks do not dispute (*see* SMJ Resp. at 2-3).  Rather, the Jacks move the court to dismiss Hennessy from the case pursuant to Federal Rule of Civil Procedure 21.  (*See id.*)

Generally, diversity jurisdiction must exist at the time a plaintiff files a case.  *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71 (2004).  However,

---

[1] The court is satisfied it has subject matter jurisdiction as to Plaintiffs' claims against M.W. and Goulds.  (*See* M.W. Supp. Statement at 1; Goulds Supp. Statement at 1.)  M.W. states that its sole member is WestRock MWV, LLC, whose sole member is WestRock Company.  (*Id.*)  WestRock Company is a Delaware corporation with its principal place of business in either Georgia or Virginia, and M.W. is therefore diverse from the Jacks.  (*Id.*); *see also Johnson*, 437 F.3d at 899.  Goulds states that its member is InTelCo Management, LLC, whose sole member is ITT Inc.  (Goulds Supp. Statement at 1.)  ITT Inc. is an Indiana corporation with its headquarters in New York.  (*Id.*); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (concluding that "'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities" and "will typically be found at a corporation's headquarters").

Federal Rule of Civil Procedure 21 "'invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'" *Id.* at 572 (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)); *see also* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.").  In moving to dismiss Hennessy, the Jacks did not brief whether Hennessy is a dispensable party (*see* SMJ Resp.), and neither Hennessy nor any other defendant has had an opportunity to respond to the Jacks' motion (*see* Dkt.).

    2. Crosby

In their response, the Jacks state that Crosby is "a wholly-owned subsidiary of The J.R. Clarkson Company, LLC, and is an indirect wholly-owned subsidiary of Emerson Electric Co."  (SMJ Resp. at 1; *see also* Crosby Supp. Statement at 1.)  The Jacks further state that Emerson Electric Co. is incorporated in Missouri with its principal place of business in Missouri.  (SMJ Resp. at 1.)  It appears that the Jacks mean to assert that Emerson Electric Co. is Crosby's ultimate parent company, in which case the court would have subject matter jurisdiction because Emerson Electric Co. is a citizen of Missouri.  However, Plaintiffs' response inadequately describes the corporate structure at issue, and the court cannot discern whether it has subject matter jurisdiction over the Jacks' claims against Crosby.

//

//

//

## C.     Supplemental Briefing

Due to the outstanding issues the court identifies above, the court orders supplemental briefing regarding the court's subject matter jurisdiction.  The Jacks must file a supplemental brief of no more than ten (10) pages that addresses (1) the propriety of dismissing Hennessy pursuant to Rule 21, particularly whether Hennessy is a dispensable party to this litigation; and (2) Crosby's corporate structure such that the court may discern which entities are members of the LLC and what their domiciles are.  The Jacks' supplemental briefing is due no later than Tuesday, May 30, 2017, at 12:00 p.m.  The Jacks' failure to adequately address any of these issues may result in dismissal of this matter for lack of subject matter jurisdiction.

The court also orders Hennessy and Crosby to file responses to the Jacks' supplemental briefing of no more than five (5) pages no later than Friday, June 2, 2017, at 4:30 p.m.  Each of those defendants' responses should address the Jacks' arguments as to the respective defendant and the discrete issue the court has identified regarding its subject matter jurisdiction as it relates to the relative defendant.  Any other defendant may, but is not required to, file a response to the Jacks' supplemental briefing subject to the same page limitation and deadline.

Finally, the court orders the Jacks, Hennessy, and Crosby to appear in person for a hearing on June 5, 2017, at 2:00 p.m. on the question of the court's subject matter jurisdiction.  Any other defendant who wishes to appear at the hearing may do so in person or telephonically.  If a defendant other than Hennessy or Crosby wishes to appear

//

1  telephonically, it must contact the undersigned judge's Courtroom Deputy to arrange

2  such an appearance no later than June 5, 2017, at 10:00 a.m.

3  ### III.    CONCLUSION

4  The court ORDERS the Jacks to file a supplemental brief of no more than ten (10)

5  pages no later than Tuesday, May 30, 2017, at 12:00 p.m.  The court further ORDERS

6  Hennessy and Crosby to file a response to the Jacks' supplemental briefing of no more

7  than five (5) pages no later than Friday, June 2, 2017, at 4:30 p.m.  Any other defendant

8  may, but is not required to, file a response to the Jacks' supplemental briefing subject to

9  the same page limitation and deadline.  Finally, the court ORDERS the Jacks, Hennessy,

10  and Crosby to appear in person for a hearing on June 5, 2017, at 2:00 p.m. on the

11  question of the court's subject matter jurisdiction.  Any other defendant who wishes to

12  appear may do so in person or telephonically subject to the instructions above.

13  Dated this 24th day of May, 2017.

14

15  _____

16  JAMES L. ROBART
   United States District Judge

17

18

19

20

21

22