UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PATRICK JACK, et al., | CASE NO. C17-0537JLR |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| v. | |
| ASBESTOS CORPORATION LTD., et al., | |
| Defendants. | |

## I. INTRODUCTION

The court ORDERS counsel for Defendant Goulds Pumps, LLC ("Goulds") to show cause why the court should not issue a $1,500.00 monetary sanction pursuant to the court's inherent authority and Local Civil Rule 11(c) for counsel's violation of the court's May 22, 2017, order. (5/22/17 Order (Dkt. # 126) at 3 (directing Goulds to participate in the May 23, 2017, hearing in person or telephonically).)

//

ORDER - 1

## II. BACKGROUND & ANALYSIS

On May 22, 2017, the court found that Defendants Goulds, M.W. Custom Papers, LLC ("M.W."), Hennessy Industries, LLC ("Hennessy"), and Crosby Valve, LLC's ("Crosby") corporate disclosure statements called into question the court's subject matter jurisdiction on the basis of diversity of citizenship. (*Id.* at 1-2.) Accordingly, the court ordered Plaintiffs Patrick and Leslie Jack to file a response to the court's order addressing where these limited liability companies' members are domiciled. (*Id.* at 3); *see also Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). The court also ordered counsel for Goulds, M.W., Hennessy, and Crosby to participate in the previously scheduled May 23, 2017, hearing regarding Defendants CBS Corporation and Foster Wheeler Energy Corporation's motion for a protective order. (5/22/17 Order at 3; *see also* 5/18/17 Order (Dkt. # 110) at 2; Goulds Not. of Appearance (Dkt. # 40) (showing that counsel for Goulds appeared in this action on May 8, 2017).)

In contravention of the court's order, counsel for Goulds did not appear at the hearing in person or telephonically. (*See* 5/23/17 Min. Entry (Dkt. # 140) (stating that counsel for Hennessy, M.W., and Crosby attended the hearing); 5/22/17 Order at 3 (directing counsel for Goulds to participate in the May 23, 2017, hearing in person or telephonically).) Counsel called court personnel to apologize for failing to attend the hearing, but provided no explanation for his failure other than to say he did not learn of the hearing until shortly before it was set to begin.

//

A federal court's inherent authority allows the court to "fashion an appropriate sanction for conduct [that] abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, --- U.S. ---, 137 S. Ct. 1178, 1186 (2017) (internal quotation marks omitted); *see also Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) ("Three primary sources of authority enable courts to sanction parties or their lawyers for improper conduct: (1) Federal Rule of Civil Procedure 11, which applies to signed writings filed with the court, (2) 28 U.S.C. § 1927, which is aimed at penalizing conduct that unreasonably and vexatiously multiplies the proceedings, and (3) the court's inherent power."). Pursuant to its inherent power, a court may sanction attorneys who willfully disobey a court order, "act[] in bad faith, vexatiously, wantonly, or for oppressive reasons," or "willfully abuse judicial processes." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980). In addition, Local Civil Rule 11(c) provides that an attorney who without just cause fails to comply with a court order may "be required by the court to satisfy personally . . . excess costs and may be subject to such other sanctions as the court may deem appropriate." Local Rules W.D. Wash. LCR 11(c).

To ensure due process, "individuals subject to sanction are afforded procedural protections, the nature of which varies depending upon the violation, and the type and magnitude of the sanction." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1137 (9th Cir. 2001); *see also Haeger*, 137 S. Ct. at 1186-87. These procedural requirements give an attorney notice and an opportunity to be heard before a court determines whether sanctions are appropriate. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005); *Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.*,

210 F.3d 1112, 1118 (9th Cir. 2000) ("The opportunity to brief the issue fully satisfies due process requirements.").

Based on the foregoing facts and authority, the court orders counsel for Goulds to show cause why the court should not issue monetary sanctions for counsel's failure to appear at the May 23, 2017, hearing. Counsel must file his response of no more than five (5) pages no later than Friday, June 2, 2017, at 4:30 p.m. The court further orders counsel for Goulds to appear in person before the court on Monday, June 5, 2017, at 2:00 p.m. (*See* 5/23/17 Min. Entry (setting June 5, 2017, hearing at 2:00 p.m. to address outstanding subject matter jurisdiction issues).)[1]

### III. CONCLUSION

The court ORDERS Goulds's counsel to show cause why the court should not issue a $1,500.00 monetary sanction for counsel's failure to appear at the May 23, 2017, hearing (Dkt. ## 126, 140). Counsel must file his response of no more than five (5) pages no later than Friday, June 2, 2017, at 4:30 p.m. The court further ORDERS counsel for

//

//

//

//

---

[1] As the court stated in its May 24, 2017, order directing supplemental briefing, the court is satisfied that it has subject matter jurisdiction as to Plaintiffs' claims against Goulds. (*See* 5/24/17 Order (Dkt. # 143) at 4 n.1.) The court requires counsel's appearance at the June 5, 2017, hearing to allow the court to address in person counsel's failure to appear and provide counsel further opportunity to be heard on the matter.

Goulds to appear in person before the court on Monday, June 5, 2017, at 2:00 p.m. (Dkt. # 140).

Dated this 25th day of May, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge