UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS CORPORATION LTD, et al.,<br><br>Defendants. | CASE NO. C17-0537JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Plaintiffs Leslie Jack and David Jack's (collectively, "Plaintiffs") motion to extend (1) the deadline to disclose their expert witness Dr. Ronald Gordon's opinion and report; and (2) the deadline for expert witness Dr. Carl Brodkin to supplement his opinions based on Dr. Gordon's report. (Mot. (Dkt. # 402).) Defendant Ford Motor Company ("Ford") opposes the motion (Resp. (Dkt. # 405)), and Defendants Union Pacific Railroad Company ("Union Pacific"), Warren Pumps, LLC ("Warren

Pumps"), and Borgwarner Morse TEC LLC ("Morse TEC") join in Ford's opposition (Union Pacific Joinder (Dkt. # 419); Warren Pumps Joinder (Dkt. # 422); Morse TEC Joinder (Dkt. # 423)). The court has reviewed the motion, the submissions in support of and in opposition to the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Plaintiffs' motion.

## II. BACKGROUND

On October 18, 2017, various Defendants requested an autopsy of decedent Patrick Jack to preserve his lungs for later tissue digestion studies. (*See* 10/18/17 Mot. (Dkt. # 207).) The court granted the request and ordered an autopsy to be performed by neutral, third-party examiner, Dr. Carl Wigren on October 26, 2017. (10/25/17 Order (Dkt. # 232) at 1-2.) Dr. Wigren performed the autopsy and preserved Mr. Jack's lung and lymph tissue. (Adams Decl. (Dkt. # 403) ¶ 2, Ex. A ("Autopsy Rep.") at 6.)

On March 22, 2018, Defendant Crosby Valve, LLC ("Crosby") moved to allow Dr. Victor Roggli to perform tissue digestion and fiber burden analysis studies on the preserved lung tissue. (3/22/18 Mot. (Dkt. # 270) at 1-4.) The court granted the order that same day. (3/22/18 Order (Dkt. # 273) at 1-2.) However, due to Dr. Roggli's workload, Dr. Roggli could not finish his report by the April 18, 2018, expert disclosure deadline. (4/16/18 Mot. (Dkt. # 284) at 1-2.) Plaintiffs agreed to an extension of the deadline, provided that their expert, Dr. Gordon, could also have an extension to perform the same studies. (Adams Decl. ¶ 4.) Crosby and the Plaintiffs agreed that Dr. Gordon would have until June 11, 2018, to disclose the results of his tissue digestion study, and
//

that Dr. Brodkin would have until June 11, 2018, to supplement his existing opinion based on Dr. Gordon's results. (*Id.*; *see also id.*, Ex. B ("Emails").)

Crosby and Plaintiffs drafted a stipulation reflecting their agreement, but because Ford would not agree to the extension, the parties did not file the stipulation. (*See* Adams Decl. ¶ 4; Emails at 6-7; *see generally* Dkt.) Instead, Crosby moved to extend the expert disclosure deadline on April 18, 2018. (4/16/18 Mot. at 1-2.) Ford filed an opposition to the motion. (*See* 4/16/18 Resp. (Dkt. # 286).) Ford eventually withdrew its opposition (*see* Supp. Reply (Dkt. # 347) at 1), and the court granted Crosby's motion to extend the disclosure date for Dr. Roggli from April 18, 2018, to April 24, 2018 (*see* 4/27/18 Order (Dkt. # 348)). After completing his tissue digestion study, Dr. Roggli shipped the lung tissue back to Dr. Wigren on April 12, 2018. (*See* Emails at 3.)

Dr. Wigren did not ship the lung tissue to Dr. Gordon until May 14, 2018, and Dr. Gordon received the tissue two days later on May 16, 2018. (Adams Decl. ¶ 5, Ex. C ("FedEx Tracker").) Upon receiving the lung tissue, Dr. Gordon completed his testing and report. (*Id.* ¶ 6.) Plaintiffs shared both Dr. Gordon's report and Dr. Brodkin's supplemental report based on Dr. Gordon's testing to all Defendants on June 5, 2018. (*Id.* ¶¶ 6-7; *id.* ¶ 6, Ex. D at 1-4.) Plaintiffs now move for an extension of the expert disclosure deadline for both Dr. Gordon's opinion and Dr. Brodkin's supplemental opinion. (*See* Mot.)

### III. ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that a schedule may be modified only for good cause and with the court's consent. Fed. R. Civ. P. 16(b)(4).

Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify a pretrial schedule if "it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* (internal quotation marks omitted) (quoting Fed. R. Civ. P. 16 Advisory Committee's Notes (1983 amendment)).

Here, Plaintiffs have established good cause and that they could not have met the April 18, 2018, disclosure deadline even through due diligence. Indeed, Dr. Wigren did not ship the lung specimen for testing until May 14, 2018, and Dr. Gordon did not receive the lung tissue until May 16, 2018. (*See* Mot. at 4; FedEx Tracker at 1.) Dr. Brodkin, in turn, could not have supplemented his report until after Dr. Gordon completed his testing and findings. None of these delays were due to carelessness on the part of Plaintiffs. *See Pritchard v. Dow Agro Servs.*, 255 F.R.D. 164, 177-79 (W.D. Pa. 2009) (allowing amendment when moving party was not responsible for the delay). Because the court finds that Plaintiffs could not have reasonably met the disclosure deadline despite their diligence, the court finds good cause to modify the scheduling order.[1]

Ford does not dispute that Plaintiffs exercised diligence here. (*See* Resp.) Instead, Ford focuses on alleged "procedural deficiencies" in Plaintiffs' motion. (*See id.* at 2-4.) The court has already discussed one of the supposed procedural deficiencies—namely that Plaintiffs did not adhere to the April 18, 2018, expert disclosure deadline. Ford's

---

[1] Moreover, Ford has not demonstrated any resulting prejudice. The record evinces that Defendants now have both Dr. Gordon's report and Dr. Brodkin's supplemental report; furthermore, Plaintiffs promptly scheduled Dr. Gordon's deposition so that Ford, and other defendants, could question him regarding his findings. (*See* Adams Decl. ¶¶ 6-7.)

remaining argument fares no better.  Ford chastises Plaintiffs for not filing a motion asking the court for leave to perform tissue digestion studies on the lung tissue preserved at the autopsy.  (*See id.* at 2-4.)  But the court has already granted permission for studies to be performed on the tissue at issue (*see* 3/22/18 Order), and the court sees no reason why Crosby and other Defendants should be allowed to perform such an analysis while Plaintiffs are barred from doing the same.  Thus, the court declines to exclude the expert reports on this basis.[2]

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiffs' motion to extend the deadline to disclose Dr. Gordon's opinion and Dr. Brodkin's supplemental opinion to June 11, 2018 (Dkt. # 402).

Dated this 22nd day of June, 2018.

JAMES L. ROBART
United States District Judge

---

[2] Ford additionally argues that Dr. Gordon and Dr. Brodkin's reports are untimely rebuttal reports.  (Resp. at 4.)  However, Plaintiffs have clarified that neither report is being offered as rebuttal.  (Reply (Dkt. # 427) at 4-5.)  Accordingly, the court disregards this argument.