HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LESLIE JACK, individually and as Personal Representative of PATRICK JACK; DAVID JACK, individually,

Plaintiffs,

v.

ASBESTOS CORPORATION LTD., et al.,

Defendants.

No.  2:17-cv-00537-JLR

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANT DCO, LLC'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM IN SUPPORT

NOTED ON MOTION CALENDAR: AUGUST 10, 2018

ORAL ARGUMENT REQUESTED

## I. INTRODUCTION

Plaintiffs Leslie Jack, individually and as Personal Representative of Patrick Jack; and David Jack, individually, by and through their attorneys of record, hereby move this Court for summary judgment as to the affirmative defenses of Defendant DCo, LLC (f/k/a Dana Companies, LLC) ("Dana"). This motion is made pursuant to Federal Rule of Civil Procedure 56, LCR 7, and the pleadings of record filed herein.

This case arises, in part, out of Patrick Jack's exposure to asbestos-containing automotive friction products manufactured and/or supplied by Dana. Dana intentionally incorporated asbestos into its products and failed to place warnings on those products to inform

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 1
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

its customers that the products contained asbestos and were hazardous to health. As a result of Patrick Jack's exposure to Dana's "Victor" gaskets, Patrick Jack developed mesothelioma and died of it on October 15, 2017.

Dana asserted numerous affirmative defenses in its answer to Plaintiffs' second amended complaint, including, among others, assumption of risk and contributory negligence; a learned intermediary defense regarding Mr. Jack's employers; and an intervening or superseding cause defense regarding the acts of "other persons and parties." *See* Dkt. # 265. These affirmative defenses lack factual basis and should be dismissed as a matter of law. Importantly, there is no evidence that Mr. Jack was himself negligent or had knowledge of the hazards of the asbestos products to which he was exposed while working with Dana's Victor gaskets. Moreover, Dana cannot show that it reasonably relied on any of Mr. Jack's employers to warn or protect him, and the concurrent negligence of others does not constitute a superseding cause. Because no genuine issues of material fact exist, Plaintiffs' Motion for Summary Judgment should be granted.

## II.  FACTS

1. Mr. Jack worked with automobiles, including automobiles utilizing Victor gaskets, for decades. **Ex. A**, p. 40:14-41:14; 43:18-44:2; **Ex. H**, p. 171-172.[1] In 2017, a box of asbestos-containing Victor gaskets was found in Patrick Jack's garage. *Id.* at 53:4-10; 53:17-54:1; **Ex. B**. The gaskets were tested for asbestos and found to contain both chrysotile and tremolite asbestos. **Ex. C**, p. 2. Mr. Jack's lymph nodes were later tested for the presence of asbestos, and the same type of asbestos fibers were found in his body: chrysotile and tremolite. **Ex. D**, at ¶1.

---

[1] Unless otherwise indicated, exhibits are attached to the accompanying Declaration of Benjamin Adams, filed herewith.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DCO LLC'S AFFIRMATIVE DEFENSES 2
Case No. 2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

2. Mr. Jack was diagnosed with mesothelioma in July of 2016. **Ex. E**, at 78:12-17. He died of pleural mesothelioma on October 15, 2017. **Ex. F**.

3. On February 16, 2018, Plaintiffs served Dana with a First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents. Dana served its responses on April 9, 2018. In the discovery requests, Plaintiffs asked Dana to identify all evidence in support of each of its affirmative defenses. **Ex. G**, p.14. Dana, however, failed to identify any specific facts or evidence and instead stated in conclusory fashion that certain criteria for a variety affirmative defenses had been met. *Id.* at 14-16.

4. Fact discovery closed in this case on June 18, 2018. *See* Dkt. # 184. Dana never amended or supplemented its discovery responses to specifically identify any evidence in support of a single affirmative defense.

### III.   ARGUMENT

Civil Rule 56(c) authorizes the entry of summary judgment where the pleadings, discovery materials, and affidavits on file demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Farley v. Henderson*, 883 F.2d 709, 711 (9th Cir. 1989). In ruling on this motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his [nonmoving parties] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Id.* at 252. While the party seeking summary judgment has the initial burden of showing the absence of an issue of material fact, *see Celotex*, 477 U.S. at 323-24, the ultimate burden of proving an

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 3
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

affirmative defense rests with the party asserting it, *Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir.1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense.").

### A. Summary Judgment Should Be Granted As To All Of Dana's Affirmative Defenses Because Dana Has Conceded That It Has No Evidence To Support Them.

Dana asserted numerous affirmative defenses in this matter. Dana bears the burden of proof on its affirmative defenses. *See, e.g.,* Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 12(i); *Locke v. City of Seattle*, 137 P.3d 52, Wn. App. 2006). Plaintiffs are entitled to summary judgment on Dana's affirmative defenses because Dana has failed to present any evidence to support those defenses. As mentioned above and seen in **Ex. G**, Plaintiffs' First Set of Interrogatories to DCo, Plaintiffs specifically requested that Dana identify all evidence in support of its affirmative defenses. In response, Dana stated in conclusory fashion, without actually identifying specific facts or evidence, that certain criteria for a variety affirmative defenses had been met. The discovery period in this matter has now closed, and Dana never supplemented its discovery responses to identify the evidence it possessed in support of its affirmative defenses and never produced any evidence in support of those defenses. Consequently, this Court should dismiss Dana's affirmative defenses and prohibit any attempt by Dana to create genuine issues of material fact by belatedly identifying and producing evidence in support of its affirmative defenses that it failed to identify and produce during the discovery period.

### B. Summary Judgment Should Be Granted On Dana's Affirmative Defenses Of Contributory Negligence And Assumption Of The Risk Because There Is No Evidence That Patrick Jack Was Negligent With Respect To The Deadly Hazards Of Dana's Asbestos-Containing Products.

Dana asserts the affirmative defenses of contributory negligence and assumption of risk. *See, e.g.*, Dkt. # 265, p. 5 ¶¶ 6, 8. Again, as to these affirmative defenses the burden of

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 4
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

proof ultimately rests on the defendant, who at trial must come forward with evidence and demonstrate by a preponderance that the allegations are true. *See, e.g.*, *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992); *Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 720 & n.29 (1998); *Kilde v. Sorwak*, 1 Wn. App. 742, 748 (1970).

In order to prevail on its affirmative defense of contributory negligence, Dana must show that Mr. Jack failed to exercise such care as a reasonable person would exercise under the same or similar circumstances and that the failure to exercise such care was a legal cause of his mesothelioma. *See Dunnington v. Virginia Mason Med. Ctr.*, 187 Wn.2d 629, 637 (2017); *Borel v. Fibreboard Paper Prod. Corp.*, 493 F.2d 1076, 1096 (5th Cir. 1973). This requires Dana to show that Mr. Jack was "aware, or should have been aware, of the danger from which the injury ultimately resulted," which may entail proof that he "had sufficient background or experience to charge [him] with [such] knowledge." *McCully v. Fuller Brush Co.*, 68 Wn.2d 675, 679-80 (1966); *accord Johnson v. Mobile Crane Co.*, 1 Wn. App. 642, 645 (1969) ("[A] contributory negligence instruction is not required in every negligence case . . . ."). To prevail on the affirmative defense of a "voluntary and knowing" assumption of the risk, the burden is significantly higher: Dana must present evidence that Mr. Jack "voluntarily and unreasonably proceed[ed] to encounter a known danger." *Seattle-First Nat. Bank v. Tabert*, 86 Wn. 2d 145, 155 (1975).

There is no evidence that Mr. Jack was aware of the hazards of asbestos during his work with Dana's asbestos-containing gaskets. This is very different than a contributory negligence claim that was allowed to go to the jury in a case in which the defendant presented evidence that the plaintiff had been exposed to asbestos after attending required training sessions on OSHA regulations on asbestos. *See Wagers v. SGL Carbon, LLC*, No.

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 5
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

CIV.A. 2:10-02916, 2011 WL 5505435, at *1 (E.D. Pa. Apr. 8, 2011); *Jones v. Owens-Corning Fiberglas Corp. & Amchem Prod.*, 69 F.3d 712, 720–21 (4th Cir. 1995) (proof that a warning was actually given to plaintiff was necessary to proceed on a defense of contributory negligence). And it follows that if the defense cannot present evidence sufficient to support a defense of contributory negligence, it cannot maintain the defense of assumption of the risk.

**C. Because There Is No Evidence Dana Ever Warned Mr. Jack's Employers Or Ascertained Their Knowledge Of Dana's Asbestos-Containing Products, Summary Judgment Should Be Granted On Dana's Sophisticated Or Learned Intermediary Defense.**

As an affirmative defense, Dana asserts that Mr. Jack's employers were learned or sophisticated intermediaries yet failed to act. *See, e.g.*, Dkt. # 265, p.9 ¶ 28. When applicable, this "sophisticated intermediary" or "learned intermediary" defense relieves a defendant of liability when the defendant conveys "the necessary instructions and warnings to fully apprise the [intermediary] of the proper procedures for use and the dangers involved" and the circumstances are such that it would be reasonable to rely on receipt of such warnings by the intermediary to protect end users. *Terhune v. A. H. Robins Co.*, 90 Wn.2d 9, 14 (1978); *see also Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 341 (E.D. Pa. 2012) (Robreno, J.) (asbestos multi-district litigation (MDL) case) (maritime law). This defense requires proof not only that a product supplier warned the pertinent intermediary, but also that it actually and reasonably relied on the intermediary to make the required warnings. *See In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 838 (2d Cir. 1992); *Willis v. Raymark Indus., Inc.*, 905 F.2d 793, 797 (4th Cir. 1990); Restatement (Second) of Torts § 388 cmt. n (1965).

Plaintiffs submit that Washington does not recognize these affirmative defenses in the context of asbestos litigation. In Washington, the learned intermediary defense is primarily directed to the medical context, where a doctor or medical professional, with extensive

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 6
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

education and training, is well-positioned to function as a go-between between a product manufacturer and a patient. *See, e.g., McKee v. Am. Home Prod., Corp.*, 113 Wn.2d 701, 711–12 (1989); *Terhune*, 90 Wn.2d at 14 ("Where a product is available only on prescription or through the services of a physician, the physician acts as a 'learned intermediary' between the manufacturer or seller and the patient.). Plaintiffs are unaware of any Washington case involving an asbestos-containing product that applies the learned intermediary defense.

Even if the learned intermediary defense were legally available in this case, Dana cannot make the required showing. Dana cannot show that, at times relevant to this case, it ascertained that Mr. Jack's employers had knowledge of the hazards of asbestos so that Dana was assured that Mr. Jack would be protected from exposure to the asbestos in its products. Accordingly, Dana cannot show that it actually and reasonably relied on employers to issue adequate warnings and protect workers such as Mr. Jack.

**D. Since There Is No Evidence Of A Superseding Cause, Dana's Intervening Or Superseding Cause Affirmative Defense Should Be Summarily Adjudicated.**

Dana asserts that it is not liable for its own negligence because the damage to Mr. Jack was caused by intervening or superseding events. *See, e.g.*, Dkt. # 265, p. 5 ¶ 10. Yet, when asked specifically in written discovery to identify any other entity that Dana contends was negligent, it failed to identify anyone. **Ex. G**, pp. 6-7. Even if Dana had identified some superseding negligent entity or person, its defense would still fail because any harm that it caused was not different in kind from the harm that would have otherwise resulted from Dana's negligence.

The circumstances in which the negligence of one actor will supersede the negligence of another are quite limited. "To remove liability from the original tortfeasor, the intervening negligence of another must be so extraordinary or unexpected that it falls outside the realm of

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 7
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

reasonably foreseeable events." *Hoglund v. Raymark Indus., Inc.*, 50 Wn. App. 360, 371 (1987); *see also Stolt Achievement, Ltd. v. Dredge B.E. LINDHOLM*, 447 F.3d 360, 367-68 & n.25 (5th Cir. 2006); (accord *Rikstad v. Holmberg*, 76 Wn.2d 265, 269 (1969) (holding a harm is foreseeable if it "fell within a general field of danger" regardless of whether it is "unusual, improbable and highly unexpectable"). Such intervening negligence must produce a "'harm different in kind from that which would otherwise have resulted from the actor's negligence.'" *Stolt Achievement, Ltd.*, 447 F.3d at 368 n.25 (quoting Restatement (Second) of Torts § 442); *see also Cook v. Seidenverg*, 36 Wn.2d 256, 264 (1950) (linking "harm different in kind from that which would otherwise have resulted from respondents' negligence" to a superseding cause defense and citing Restatement (Second) of Torts § 442(a)). Similarly, a superseding cause should operate independently of the negligence to be superseded. *Campbell v. ITE Imperial Corp.*, 107 Wn.2d 807, 813 (1987); *Farr v. NC Mach. Co.*, 186 F.3d 1165, 1169 (9th Cir. 1999) (maritime law). The foregoing principles apply regardless of whether the liability to be superseded arises from a theory of negligence or of strict product liability. *Campbell*, 107 Wn.2d at 814.

The existence of another blameworthy person or entity does not establish superseding cause. An injury may have more than one proximate cause, and the concurrent negligence of another is not enough to establish superseding cause and break the chain of liability. *See, e.g., N.L. v. Bethel Sch. Dist.*, 186 Wn.2d 422, 437 (2016); *Hellan v. Supply Laundry Co.*, 94 Wn. 683, 686 (1917). Indeed,

> [i]f the likelihood that a third person may act in a particular manner is . . . one of the hazards which makes the [defendant] negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the [defendant] from being liable for the injury caused by the defendant's negligence.

PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DCO LLC'S AFFIRMATIVE DEFENSES  8
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

*Albertson v. State*, 191 Wn. App. 284, 297 (2015) (some alterations in original, quotation marks omitted). For instance, "[i]f the defendant negligently leaves an unprotected excavation on the sidewalk, and a person falls into it and gets hurt, the defendant is not screened from liability because another passerby negligently bumped the victim into it." *Farr,* 186 F.3d at 1170; *see also Pamplin v. Safway Servs., LLC*, No. 75634-6-I, 2017 WL 1410341, at *5 (Wash. Ct. App. Apr. 17, 2017) (unpublished).

Here, any negligence on the part of others cannot be a superseding or intervening cause. It was entirely foreseeable that these entities might fail to warn or protect persons present from harms that Dana itself did not warn or protect against. Moreover, the harm caused by the purported negligence of others—asbestos-related disease—is not different in kind from the harm caused by Dana's negligence; the harms are identical and fall clearly within the ambit of the hazards covered by the duty imposed on Dana. Dana's liability cannot be eliminated by the alleged negligent failure of the others to remove the exact danger caused by Dana's own negligence.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiffs' motion for summary judgment as to Dana's affirmative defenses should be granted.

RESPECTFULLY SUBMITTED this 17th day of July, 2018.

SCHROETER, GOLDMARK & BENDER

*s/ Thomas J. Breen*
THOMAS J. BREEN, WSBA #34574
LUCAS GARRETT, WSBA #38452
KRISTIN HOUSER, WSBA #7286
810 Third Avenue, Suite 500
Seattle, WA  98104
(206) 622-8000

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 9
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

breen@sgb-law.com
garrett@sgb-law.com
houser@sgb-law.com

and

DEAN OMAR BRANHAM, LLP

*s/ Benjamin H. Adams*
Benjamin H. Adams (*Pro Hac Vice*)
CA Bar No. 272909
302 N. Market St., Suite 300
Dallas, TX 75219
badams@dobllp.com

*Counsel for Plaintiffs*

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 10
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allen Eraut     aeraut@rizzopc.com, recordsmanagement@rizzopc.com

Andrew Gordon Yates     yatesa@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com

Barry Neal Mesher     bnm@bnmesherlaw.com

Benjamin H. Adams     badams@dobllp.com, case@dobllp.com, dsmith-hogan@dobllp.com

Brendan Hanrahan     brendan.hanrahan@bullivant.com

Carrie S Lin     clin@mgmlaw.com

Charles W Branham, III     tbranham@dobllp.com, jjohnson@dobllp.com

Chris Robert Youtz     chris@sylaw.com, matt@sylaw.com, theresa@sylaw.com

Christopher S Marks     cmarks@tktrial.com, asbestos.service@tktrial.com, mtiegen@tktrial.com

Claude Bosworth     cbosworth@rizzopc.com, recordsmanagement@rizzopc.com

Diane J. Kero     dkero@gth-law.com, service@gth-law.com

Erin P Fraser     efraser@tktrial.com, mtiegen@tktrial.com

G William Shaw     bill.shaw@klgates.com, Janet.Lewis2@klgates.com, mary.klemz@klgates.com, peggy.mitchell@klgates.com, phong.hong@klgates.com, Ryan.Groshong@klgates.com

James Edward Horne     jhorne@gth-law.com, imoservice@gth-law.com, kcalkins@gth-law.com

Jeanne F Loftis     jeanne.loftis@bullivant.com, alicia.soine@bullivant.com, Asbestos-pdx@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com

Jeffrey M Odom     odomj@lanepowell.com, carchanoh@lanepowell.com, carrington-dahlk@lanepowell.com, docketing-sea@lanepowell.com

John G Goller     jgoller@vonbriesen.com, jmitten@vonbriesen.com,

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 11
Case No. 2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1   tdahms@vonbriesen.com

2   Katherine A. Lawler      katherine.lawler@nelsonmullins.com,
3   shemeka.eldridge@nelsonmullins.com

4   Katherine M. Steele      Asbestos@bullivant.com, freida.mason@bullivant.com

5   Kevin J Craig     kcraig@gordonrees.com, akendrick@grsm.com

6   Kristin M Houser      houser@sgb-law.com, oneil@sgb-law.com, sgbasbestos@sgb-law.com

7   Kristine E Kruger      kkruger@perkinscoie.com, docketpor@perkinscoie.com,
8   HW_Asbestos_Sea@perkinscoie.com, kristinekruger@gmail.com

9   Lisa W Shirley     LShirley@dobllp.com, dsmith-hogan@dobllp.com

10  Lucas W.H. Garrett      garrett@sgb-law.com, sgbasbestos@sgb-law.com

11  Malika Johnson     mjohnson@tktrial.com, mtiegen@tktrial.com

12  Marc Marshall Carlton      marc.carlton@lewisbrisbois.com, Seattle-
13  Asbestos@lewisbrisbois.com, stacey.miller@lewisbrisbois.com

14  Mark B Tuvim     mtuvim@gordonrees.com, akendrick@gordonrees.com,
15  lgallegos@gordonrees.com

16  Mark J Fucile     mark@frllp.com, service@frllp.com, signe@frllp.com

17  Mary P Gaston     mgaston@perkinscoie.com, docketsea@perkinscoie.com,
18  HW_Asbestos_SEA@perkinscoie.com, jstarr@perkinscoie.com

19  Michael Edward Ricketts      mricketts@gth-law.com, cwallace@gth-law.com,
    imoservice@gth-law.com, kcalkins@gth-law.com
20
    Michael J Madderra     mmadderra@selmanlaw.com
21
    Michael Mackenzie Brown      mac.brown@bullivant.com, Freida.Mason@bullivant.com
22
23  Nicole R. MacKenzie      nmackenzie@williamskastner.com, cberry@williamskastner.com,
    wkgasbestos@williamskastner.com
24
    Rachel Tallon Reynolds      asbestos@bullivant.com, elizabeth.pina@bullivant.com,
25  racheltallon@gmail.com, tonyha.davies@bullivant.com

26  Randy J Aliment      randy.aliment@lewisbrisbois.com, annie.kliemann@lewisbrisbois.com

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
DCO LLC'S AFFIRMATIVE DEFENSES 12
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1  Richard D Ross       rross@selmanlaw.com, asbestoswa@selmanlaw.com,
   dcampbell@selmanlaw.com, dwaldenberg@selmanlaw.com, epowell@selmanlaw.com,
2  mmadderra@selmanlaw.com

3  Richard G Gawlowski       gawlowski@wscd.com, ossenkop@wscd.com, reyes@wscd.com

4  Robert H Berkes       rberkes@bcrslaw.com

5
   Ronald C Gardner       rgardner@gandtlawfirm.com, khensley@gandtlawfirm.com
6

7  Ryan J Groshong       ryan.groshong@klgates.com, anita.spencer@klgates.com

8  Ryan T Moore       rmoore@bcrslaw.com, achohlis@bcrslaw.com, cbee@bcrslaw.com

9  Ryan W Vollans       rvollans@williamskastner.com, cberry@williamskastner.com

10 Thomas J. Breen       breen@sgb-law.com, sgbasbestos@sgb-law.com

11
   Tim D. Wackerbarth       wackerbartht@lanepowell.com, docketing-sea@lanepowell.com,
12 mitchells@lanepowell.com, wallg@lanepowell.com

13 Trevor J. Mohr       tmohr@gordonrees.com, seaasbestos@gordonrees.com

14 Viiu Spangler Khare       vspanglerkhare@bcrslaw.com, rcastellanos@bcrslaw.com

15 William D Harvard       WDHarvard@ewhlaw.com, kacook@ewhlaw.com

16
   William Joel Rutzick       rutzick@sgb-law.com, jones@sgb-law.com, liberio@sgb-law.com,
17 ross@sgb-law.com, scrawford@sgb-law.com, ylitalo@sgb-law.com

18
   Dated this 17th day of July, 2018, at Seattle, Washington.
19

20                                             *s/ Cameron Colbo*
                                               Cameron Colbo, Legal Assistant
21                                             Schroeter, Goldmark & Bender
                                               810 Third Avenue, Suite 500
22                                             Seattle, WA 98104
                                               (206) 622-8000
23                                             colbo@sgb-law.com

24

25

26

PLAINTIFFS MOTION FOR PARTIAL                SCHROETER, GOLDMARK & BENDER
SUMMARY JUDGMENT REGARDING                   810 Third Avenue • Suite 500 • Seattle, WA 98104
DCO LLC'S AFFIRMATIVE DEFENSES 13            Phone (206) 622-8000 • Fax (206) 682-2305
Case No.  2:17-cv-00537-JLR