HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, individually and as Personal Representative of PATRICK JACK; DAVID JACK, individually,<br><br>                              Plaintiffs,<br><br>        v.<br><br>ASBESTOS CORPORATION LTD., et al.,<br><br>                              Defendants. | No.  2:17-cv-00537-JLR<br><br>PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING DEFENDANT BORGWARNER MORSE TEC, LLC'S AFFIRMATIVE DEFENSES AND INCORPORATED MEMORANDUM IN SUPPORT<br><br>NOTED ON MOTION CALENDAR: AUGUST 10, 2018<br><br>ORAL ARGUMENT REQUESTED |

## I.    INTRODUCTION

Plaintiffs Leslie Jack, individually and as Personal Representative of Patrick Jack; and David Jack, individually, through their attorneys of record, move this Court for summary judgment on the affirmative defenses of Defendant Borg-Warner Corporation, by its Successor-by-Merger, BorgWarner Morse TEC LLC's ("BorgWarner"). This motion is made under Federal Rule of Civil Procedure 56, LCR 7, and the pleadings of record filed.

This case arises in part out of Patrick Jack's exposure to asbestos-containing clutch and brake products manufactured by BorgWarner. BorgWarner intentionally incorporated asbestos

into its products and failed to place warnings on those products to inform its customers that the products contained asbestos and were hazardous. Because of Patrick Jack's exposure to BorgWarner's asbestos-containing products, Mr. Jack developed mesothelioma, which caused his death on October 15, 2017.

BorgWarner asserts numerous affirmative defenses in its answer to Plaintiffs' second amended complaint, including, among others, failure to mitigate damages; assumption of risk and contributory negligence; a learned intermediary defense regarding Mr. Jack's employers; and an intervening or superseding cause defense regarding the acts of "one or more third parties." *See* Dkt. # 425. These affirmative defenses lack factual basis and should be dismissed as a matter of law. There is no evidence that Mr. Jack was himself negligent or knew of the hazards of the asbestos products to which he was exposed while working with BorgWarner products. Moreover, BorgWarner cannot show it reasonably relied on any of Mr. Jack's employers to warn or protect him, and the concurrent negligence of others does not constitute a superseding cause. Because no genuine issues of material fact exist, Plaintiffs' Motion for Summary Judgment should be granted.

## II.    FACTS

1. Mr. Jack worked with BorgWarner (aka Borg & Beck) clutches for decades. For example, numerous vehicles Mr. Jack worked on contained BorgWarner asbestos clutches as original equipment, including, but not limited to, a 1946 Chevrolet, multiple 1960 Pontiacs, 1962 Pontiac Catalina, 1962 Pontiac Tempest, 1964 Pontiac, 1964 Pontiac Grand Prix, 1970 Dodge Dart, and two 1977 Pontiacs. **Ex. B**; **Ex. C**, pp. 32-38; **Ex. A**; **Ex. J**, pp. 163-164.[1] Mr. Jack worked with asbestos-containing BorgWarner clutches as a professional auto mechanic at

---

[1]    Unless otherwise indicated, exhibits are attached to the accompanying Declaration of Benjamin Adams, filed herewith.

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 2
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Dexter Avenue Auto Repair from 1962 to 1963 (**Ex. D**, p. 59-60, **Ex. H**, p. 68-73; **Ex. J**, p. 166-169), as a part-time auto mechanic at Apex Mobile Home Towing in Portland, Oregon from 1964 to 1968 (**Ex. D**, p. 61-63), on his own race cars and drag race cars, and on numerous vehicles of his own, his friends, and his family (**Ex. I**, p. 145-150).  He also worked with BorgWarner asbestos-containing brakes (**Ex. I**, 209), which included no warning about asbestos at all (**Ex. F**, p. 8-9, 11-12).

2.   Mr. Jack was diagnosed with pleural mesothelioma in July of 2016. **Ex. D**, p. 78.  He died of pleural mesothelioma on October 15, 2017.  **Ex. E**.

3.   BorgWarner issued no asbestos-related warning related to a clutch disc before at least 1986.  **Ex. F**, p. 11-12. BorgWarner never warned regarding its asbestos-containing brakes. BorgWarner removed asbestos warnings placed on asbestos friction material by its product suppliers, and then passed the asbestos products on to its unsuspecting customers with no warnings. **Ex. G**, p. 51-53 (30(b)(6) testimony of Bendix that from 1975 to 1978, every single pallet of friction material that Bendix sent to BorgWarner contained a caution label about asbestos).

4.   On July 17, 2017, Plaintiffs served BorgWarner with a First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents. BorgWarner served responses on August 15, 2017. In the discovery, Plaintiffs asked BorgWarner to identify all evidence to support each of its affirmative defenses. **Ex. F**, at pp. 9-10. BorgWarner, however, identified no pertinent evidence. *Id.*

5.   Fact discovery closed on June 18, 2018. *See* Dkt. # 184. BorgWarner never amended or supplemented its discovery responses to identify any evidence to support a single affirmative defense.

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 3
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

## III.   ARGUMENT

Civil Rule 56(c) authorizes the entry of summary judgment where the pleadings, discovery materials, and affidavits on file demonstrate there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Farley v. Henderson*, 883 F.2d 709, 711 (9th Cir. 1989). In ruling on this motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his [nonmoving parties] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Id.* at 252. While the party seeking summary judgment has the initial burden of showing the absence of an issue of material fact, *see Celotex*, 477 U.S. at 323-24, the ultimate burden of proving an affirmative defense rests with the party asserting it, *Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir.1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense.").

### A. Summary Judgment Should Be Granted As To All Of BorgWarner's Affirmative Defenses Because BorgWarner Has Effectively Conceded It Has No Evidence To Support Them.

BorgWarner asserted numerous affirmative defenses. BorgWarner bears the burden of proof on its affirmative defenses. *See, e.g.,* Fed. R. Civ. P. 8(c); Fed. R. Civ. P. 12(i); *Locke v. City of Seattle*, 137 P.3d 52, Wn. App. 2006).  Plaintiffs are entitled to summary judgment on BorgWarner's affirmative defenses because BorgWarner has presented no evidence to support those defenses. As mentioned above and seen in **Ex. F**, Plaintiffs' First Set of Interrogatories to BorgWarner, Plaintiffs specifically requested that BorgWarner identify all evidence to support its affirmative defenses. Instead of identifying the evidence, BorgWarner

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 4
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

asserted that its affirmative defenses were asserted to preserve its rights, essentially admitting that it had no evidence to support the affirmative defense asserted in its answer. The discovery period has now closed, and BorgWarner never supplemented its discovery responses to identify and/or produce sufficient evidence it possessed in support of its affirmative defenses and never produced any evidence to support those defenses. This Court should dismiss BorgWarner's affirmative defenses and prohibit any attempt by BorgWarner to create genuine issues of material fact by belatedly identifying and producing evidence to support its affirmative defenses it failed to identify and produce during the discovery period.

**B.  Summary Judgment Should Be Granted On BorgWarner's Affirmative Defense Of Failure To Mitigate Damages Because Mesothelioma, A Terminal Cancer, Cannot Be Mitigated.**

BorgWarner asserts the affirmative defense of failure to mitigate damages. BorgWarner Morse TEC, LLC's Ans., p.9 ¶ 34 (Dkt. #435). A plaintiff may not recover damages proximately caused by his or her unreasonable failure to mitigate damages. *Cox v. Keg Restaurants U.S., Inc.*, 86 Wn. App. 239, 244 (1997); *Goodwin v. Cockrell*, No. 4:13-CV-199-F, 2015 WL 12851580, at *12 (E.D.N.C. Oct. 14, 2015). A plaintiff's duty to mitigate, however, does not require futile or unreasonable efforts or efforts that offer only the possibility of relief. *Cox*, 86 Wn. App. at 244; *Kloss v. Honeywell, Inc.*, 77 Wn. App. 294, 303 (1995); *Sogem-Afrimet, Inc. v. M/V Ikan Selayang*, 951 F. Supp. 429, 444 (S.D.N.Y. 1996). BorgWarner cannot show Patrick Jack failed to mitigate damages because, among other things, mesothelioma is almost uniformly fatal.

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 5
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1

2

3

**C.  Summary Judgment Should Be Granted On BorgWarner's Affirmative Defenses Of Contributory Negligence And Assumption Of The Risk Because There Is No Evidence That Patrick Jack Was Negligent With Respect To The Deadly Hazards Of BorgWarner's Asbestos-Containing Products.**

4

5

6

7

8

9

10

BorgWarner asserts the affirmative defenses of contributory negligence and assumption of risk. *See, e.g.*, Dkt. # 435, p. 6 ¶ 14, p. 8 ¶ 29. Again, on these affirmative defenses the burden of proof ultimately rests on the defendant, who at trial must offer evidence and demonstrate by a preponderance that the allegations are true. *See*, e.g., *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992); *Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 720 & n.29 (1998); *Kilde v. Sorwak*, 1 Wn. App. 742, 748 (1970).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

To prevail on its affirmative defense of contributory negligence, BorgWarner must show that Mr. Jack failed to exercise such care as a reasonable person would exercise under the same or similar circumstances and that failing to exercise such care was a legal cause of his mesothelioma. *See Dunnington v. Virginia Mason Med. Ctr.*, 187 Wn.2d 629, 637 (2017); *Borel v. Fibreboard Paper Prod. Corp.*, 493 F.2d 1076, 1096 (5th Cir. 1973). This requires BorgWarner to show that Mr. Jack was "aware, or should have been aware, of the danger from which the injury ultimately resulted," which may entail proof he "had sufficient background or experience to charge [him] with [such] knowledge." *McCully v. Fuller Brush Co.*, 68 Wn.2d 675, 679-80 (1966); *accord Johnson v. Mobile Crane Co.*, 1 Wn. App. 642, 645 (1969) ("[A] contributory negligence instruction is not required in every negligence case . . . ."). To prevail on the affirmative defense of a "voluntary and knowing" assumption of the risk, the burden is significantly higher: BorgWarner must present evidence that Mr. Jack "voluntarily and unreasonably proceed[ed] to encounter a known danger." *Seattle-First Nat. Bank v. Tabert*, 86 Wn. 2d 145, 155 (1975).

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 6
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1    There is no evidence that Mr. Jack was aware of the hazards of asbestos during his

2    work with BorgWarner clutch discs. This differs greatly from a contributory negligence

3    claim allowed to go to the jury where the defendant presented evidence that the plaintiff had

4    been exposed to asbestos after attending required training sessions on OSHA regulations on

5    asbestos. *See Wagers v. SGL Carbon, LLC*, No. CIV.A. 2:10-02916, 2011 WL 5505435, at

6    *1 (E.D. Pa. Apr. 8, 2011); *Jones v. Owens- Corning Fiberglas Corp. & Amchem Prod.*, 69

7    F.3d 712, 720–21 (4th Cir. 1995) (proof that a warning was actually given to plaintiff was

8    necessary to proceed on a defense of contributory negligence). And it follows that if the

9    defense cannot present evidence sufficient to support a defense of contributory negligence, it

10   cannot maintain the defense of assumption of the risk.

11

**D. Because There Is No Evidence BorgWarner Ever Warned Any Relevant Intermediary Or Ascertained Its Knowledge Of The Hazards Of BorgWarner's Asbestos Products, Summary Judgment Should Be Granted On BorgWarner's Sophisticated Or Learned Intermediary Defense.**

12

13

14

15   As an affirmative defense, BorgWarner asserts that Mr. Jack's employers were

16   learned or sophisticated intermediaries yet failed to act. *See, e.g.*, Dkt. # 435, p. 11 ¶¶ 45-46.

17   When applicable, this "sophisticated intermediary" or "learned intermediary" defense

18   relieves a defendant of liability when the defendant conveys "the necessary instructions and

19   warnings to fully apprise the [intermediary] of the proper procedures for use and the dangers

20   involved" and the circumstances are such that it would be reasonable to rely on receipt of

21   such warnings by the intermediary to protect end users. *Terhune v. A. H. Robins Co.*, 90

22   Wn.2d 9, 14 (1978); *see also Mack v. Gen. Elec. Co.*, 896 F. Supp. 2d 333, 341 (E.D. Pa.

23   2012) (Robreno, J.) (asbestos multi-district litigation (MDL) case). This defense requires

24   proof not only that a product supplier warned the pertinent intermediary, but also that it

25   actually and reasonably relied on the intermediary to make the required warnings. *See In re*

26

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 7
Case No. 2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

*Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 838 (2d Cir. 1992); *Willis v. Raymark Indus., Inc.*, 905 F.2d 793, 797 (4th Cir. 1990); Restatement (Second) of Torts § 388 cmt. n (1965).

Plaintiffs submit that Washington does not recognize this affirmative defense in the context of asbestos litigation. In Washington, the learned intermediary defense is primarily directed to the medical context, where a doctor or medical professional, with extensive education and training, is well-positioned to function as a go-between between a product manufacturer and a patient. *See, e.g., McKee v. Am. Home Prod., Corp.*, 113 Wn.2d 701, 711–12 (1989); *Terhune*, 90 Wn.2d at 14 ("Where a product is available only on prescription or through the services of a physician, the physician acts as a 'learned intermediary' between the manufacturer or seller and the patient."). Plaintiffs are unaware of any Washington case involving an asbestos-containing product that applies the learned intermediary defense.

Even if the learned intermediary defense were legally available in this case, BorgWarner cannot make the required showing. BorgWarner cannot show that, at times relevant to this case, it ascertained that Mr. Jack's employers knew of the hazards of asbestos so that BorgWarner was assured that Mr. Jack would be protected from exposure to the asbestos in its products. BorgWarner cannot show it actually and reasonably relied on employers to issue adequate warnings and protect workers such as Mr. Jack.

**E.  Since There Is No Evidence Of A Superseding Cause, BorgWarner's Intervening Or Superseding Cause Affirmative Defense Should Be Summarily Adjudicated.**

BorgWarner asserts that it is not liable for its own negligence because the damage to Mr. Jack was caused by intervening or superseding negligence of another. *See, e.g.*, Dkt. # 435, p. 7 ¶ 18.  Yet when asked specifically in written discovery to identify the other entity BorgWarner claims was negligent, BorgWarner failed to identify anyone. **Ex. F**, pp. 4-6. But

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 8
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

even had BorgWarner identified some superseding negligent person or entity, its defense would still fail because any harm it caused was not different in kind from the harm that would have otherwise resulted from BorgWarner's negligence.

The circumstances in which the negligence of one actor will supersede the negligence of another are quite limited. "To remove liability from the original tortfeasor, the intervening negligence of another must be so extraordinary or unexpected that it falls outside the realm of reasonably foreseeable events." *Hoglund v. Raymark Indus., Inc.*, 50 Wn. App. 360, 371 (1987); *see also Stolt Achievement, Ltd. v. Dredge B.E. LINDHOLM*, 447 F.3d 360, 367-68 & n.25 (5th Cir. 2006); *accord Rikstad v. Holmberg*, 76 Wn.2d 265, 269 (1969) (holding a harm is foreseeable if it "fell within a general field of danger" regardless of whether it is "unusual, improbable and highly unexpectable"). Such intervening negligence must produce a "'harm *different in kind* from that which would otherwise have resulted from the actor's negligence.'" *Stolt Achievement, Ltd.*, 447 F.3d at 368 n.25 (quoting Restatement (Second) of Torts § 442); *see also Cook v. Seidenverg*, 36 Wn.2d 256, 264 (1950) (linking "harm different in kind from that which would otherwise have resulted from respondents' negligence" to a superseding cause defense and citing Restatement (Second) of Torts § 442(a)) (italics added). Similarly, a superseding cause should operate independently of the negligence to be superseded. *Campbell v. ITE Imperial Corp.*, 107 Wn.2d 807, 813 (1987); *Farr v. NC Mach. Co.*, 186 F.3d 1165, 1169 (9th Cir. 1999). The foregoing principles apply regardless of whether the liability to be superseded arises from a theory of negligence or of strict product liability. *Campbell*, 107 Wn.2d at 814.

The existence of another blameworthy person or entity does not establish superseding cause. An injury may have more than one proximate cause, and the concurrent negligence of

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 9
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

another is not enough to establish superseding cause and break the chain of liability. *See, e.g.,* *N.L. v. Bethel Sch. Dist.*, 186 Wn.2d 422, 437 (2016); *Hellan v. Supply Laundry Co.*, 94 Wn. 683, 686 (1917). Indeed,

> [i]f the likelihood that a third person may act in a particular manner is . . . one of the hazards which makes the [defendant] negligent, such an act whether innocent, negligent, intentionally tortious, or criminal does not prevent the [defendant] from being liable for the injury caused by the defendant's negligence.

*Albertson v. State*, 191 Wn. App. 284, 297 (2015) (some alterations in original, quotation marks omitted). For instance, "[i]f the defendant negligently leaves an unprotected excavation on the sidewalk, and a person falls into it and gets hurt, the defendant is not screened from liability because another passerby negligently bumped the victim into it." *Farr,* 186 F.3d at 1170; *see also Pamplin v. Safway Servs., LLC*, No. 75634-6-I, 2017 WL 1410341, at *5 (Wash. Ct. App. Apr. 17, 2017) (unpublished).

Here, any negligence by others cannot be a superseding or intervening cause. It was entirely foreseeable that other entities might fail to warn or protect persons such as Mr. Jack from harms that BorgWarner itself did not warn or protect against. Moreover, the harm caused by the purported negligence of others—asbestos-related disease—is not different in kind from the harm caused by BorgWarner's negligence; the harms are identical and fall clearly within the ambit of the hazards covered by the duty imposed on BorgWarner. BorgWarner's liability cannot be eliminated by the alleged negligent failure of the others to remove the exact danger caused by BorgWarner's own negligence.

## IV.   CONCLUSION

For the reasons stated herein, Plaintiffs' motion for summary judgment on BorgWarner's affirmative defenses should be granted.

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 10
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue • Suite 500 • Seattle, WA  98104
Phone (206) 622-8000 • Fax (206) 682-2305

1    RESPECTFULLY SUBMITTED this 17th day of July, 2018.

2                                    SCHROETER, GOLDMARK & BENDER

3                                    *s/ Thomas J. Breen*
4                                    THOMAS J. BREEN, WSBA #34574
                                     LUCAS GARRETT, WSBA #38452
5                                    KRISTIN HOUSER, WSBA #7286
                                     810 Third Avenue, Suite 500
6                                    Seattle, WA  98104
                                     (206) 622-8000
7                                    breen@sgb-law.com
                                     garrett@sgb-law.com
8                                    houser@sgb-law.com

9
                                     and
10

11                                   DEAN OMAR BRANHAM, LLP

12                                   *s/ Benjamin H. Adams*
                                     Benjamin H. Adams (*Pro Hac Vice*)
13                                   CA Bar No. 272909
                                     302 N. Market St., Suite 300
14                                   Dallas, TX 75219
                                     badams@dobllp.com
15

16                                   *Counsel for Plaintiffs*

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 11
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2018, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allen Eraut     aeraut@rizzopc.com, recordsmanagement@rizzopc.com

Andrew Gordon Yates     yatesa@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com

Barry Neal Mesher     bnm@bnmesherlaw.com

Benjamin H. Adams     badams@dobllp.com, case@dobllp.com, dsmith-hogan@dobllp.com

Brendan Hanrahan     brendan.hanrahan@bullivant.com

Carrie S Lin     clin@mgmlaw.com

Charles W Branham , III     tbranham@dobllp.com, jjohnson@dobllp.com

Chris Robert Youtz     chris@sylaw.com, matt@sylaw.com, theresa@sylaw.com

Christopher S Marks     cmarks@tktrial.com, asbestos.service@tktrial.com, mtiegen@tktrial.com

Claude Bosworth     cbosworth@rizzopc.com, recordsmanagement@rizzopc.com

Diane J. Kero     dkero@gth-law.com, service@gth-law.com

Erin P Fraser     efraser@tktrial.com, mtiegen@tktrial.com

G William Shaw     bill.shaw@klgates.com, Janet.Lewis2@klgates.com, mary.klemz@klgates.com, peggy.mitchell@klgates.com, phong.hong@klgates.com, Ryan.Groshong@klgates.com

James Edward Horne     jhorne@gth-law.com, imoservice@gth-law.com, kcalkins@gth-law.com

Jeanne F Loftis     jeanne.loftis@bullivant.com, alicia.soine@bullivant.com, Asbestos-pdx@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com

Jeffrey M Odom     odomj@lanepowell.com, carchanoh@lanepowell.com, carrington-dahlk@lanepowell.com, docketing-sea@lanepowell.com

John G Goller     jgoller@vonbriesen.com, jmitten@vonbriesen.com,

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 12
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

1   tdahms@vonbriesen.com

2   Katherine A. Lawler     katherine.lawler@nelsonmullins.com,
3   shemeka.eldridge@nelsonmullins.com

4   Katherine M. Steele     Asbestos@bullivant.com, freida.mason@bullivant.com

5   Kevin J Craig     kcraig@gordonrees.com, akendrick@grsm.com

6   Kristin M Houser     houser@sgb-law.com, oneil@sgb-law.com, sgbasbestos@sgb-law.com

7   Kristine E Kruger     kkruger@perkinscoie.com, docketpor@perkinscoie.com,
8   HW_Asbestos_Sea@perkinscoie.com, kristinekruger@gmail.com

9   Lisa W Shirley     LShirley@dobllp.com, dsmith-hogan@dobllp.com

10  Lucas W.H. Garrett     garrett@sgb-law.com, sgbasbestos@sgb-law.com

11  Malika Johnson     mjohnson@tktrial.com, mtiegen@tktrial.com

12  Marc Marshall Carlton     marc.carlton@lewisbrisbois.com, Seattle-
13  Asbestos@lewisbrisbois.com, stacey.miller@lewisbrisbois.com

14  Mark B Tuvim     mtuvim@gordonrees.com, akendrick@gordonrees.com,
15  lgallegos@gordonrees.com

16  Mark J Fucile     mark@frllp.com, service@frllp.com, signe@frllp.com

17  Mary P Gaston     mgaston@perkinscoie.com, docketsea@perkinscoie.com,
18  HW_Asbestos_SEA@perkinscoie.com, jstarr@perkinscoie.com

19  Michael Edward Ricketts     mricketts@gth-law.com, cwallace@gth-law.com,
20  imoservice@gth-law.com, kcalkins@gth-law.com

21  Michael J Madderra     mmadderra@selmanlaw.com

22  Michael Mackenzie Brown     mac.brown@bullivant.com, Freida.Mason@bullivant.com

23  Nicole R. MacKenzie     nmackenzie@williamskastner.com, cberry@williamskastner.com,
24  wkgasbestos@williamskastner.com

    Rachel Tallon Reynolds     asbestos@bullivant.com, elizabeth.pina@bullivant.com,
25  racheltallon@gmail.com, tonyha.davies@bullivant.com

26  Randy J Aliment     randy.aliment@lewisbrisbois.com, annie.kliemann@lewisbrisbois.com

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 13
Case No. 2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Richard D Ross     rross@selmanlaw.com, asbestoswa@selmanlaw.com, dcampbell@selmanlaw.com, dwaldenberg@selmanlaw.com, epowell@selmanlaw.com, mmadderra@selmanlaw.com

Richard G Gawlowski     gawlowski@wscd.com, ossenkop@wscd.com, reyes@wscd.com

Robert H Berkes     rberkes@bcrslaw.com

Ronald C Gardner     rgardner@gandtlawfirm.com, khensley@gandtlawfirm.com

Ryan J Groshong     ryan.groshong@klgates.com, anita.spencer@klgates.com

Ryan T Moore     rmoore@bcrslaw.com, achohlis@bcrslaw.com, cbee@bcrslaw.com

Ryan W Vollans     rvollans@williamskastner.com, cberry@williamskastner.com

Thomas J. Breen     breen@sgb-law.com, sgbasbestos@sgb-law.com

Tim D. Wackerbarth     wackerbartht@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com, wallg@lanepowell.com

Trevor J. Mohr     tmohr@gordonrees.com, seaasbestos@gordonrees.com

Viiu Spangler Khare     vspanglerkhare@bcrslaw.com, rcastellanos@bcrslaw.com

William D Harvard     WDHarvard@ewhlaw.com, kacook@ewhlaw.com

William Joel Rutzick     rutzick@sgb-law.com, jones@sgb-law.com, liberio@sgb-law.com, ross@sgb-law.com, scrawford@sgb-law.com, ylitalo@sgb-law.com

Dated this 17th day of July, 2018, at Seattle, Washington.

s/ Cameron Colbo
Cameron Colbo, Legal Assistant
Schroeter, Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
(206) 622-8000
colbo@sgb-law.com

PLAINTIFFS MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING
BORGWARNER AFFIRMATIVE DEFENSES 14
Case No.  2:17-cv-00537-JLR

SCHROETER, GOLDMARK & BENDER
810 Third Avenue ● Suite 500 ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305