UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, et al.,<br><br>                     Plaintiffs,<br>    v.<br><br>BORG-WARNER MORSE TEC,<br>LLC, et al.,<br><br>                     Defendants. | CASE NO. C17-0537JLR<br><br>ORDER CLARIFYING ORDER<br>ON SUMMARY JUDGMENT<br>MOTIONS |

On September 17, 2018, the court issued an order resolving several motions for summary judgment (Order (Dkt. # 706)). Among those motions was Defendant Borg-Warner Morse TEC, LLC's ("Borg-Warner") motion for summary judgment (Borg-Warner MSJ (Dkt. # 518)). Plaintiffs Leslie Jack and David Jack (collectively, "Plaintiffs") opposed Borg-Warner's motion (Pl. Resp. (Dkt. # 613)). The court issues this order to clarify its resolution of Borg-Warner's motion with respect to the issue of Mr. Jack's alleged exposure to asbestos-containing Borg-Warner brakes.

In moving for summary judgment, Borg-Warner argued that Plaintiffs could not show that Mr. Jack was exposed to asbestos on account of Borg-Warner's conduct. (Borg-Warner MSJ at 1.) In response, Plaintiffs contended that Mr. Jack was exposed to asbestos-containing Borg-Warner automotive products, including Borg-Warner-branded brakes. (Pl. Resp. at 4.) Plaintiffs emphasized that Mr. Jack recalled using Borg-Warner brakes between 1964 and approximately 2007 in connection with various racecars. (Adams Decl. (Dkt. # 614) ¶ 2, Ex. C ("Jack Perp. Dep.") at 169:5-24, 208:3-209:14; *see also* Pl. Resp. at 4 ("[Mr. Jack] recalls using BorgWarner brakes at some point.").) Specifically, Mr. Jack testified that he used Borg-Warner brakes in the course of maintaining his 1960 and 1962 Pontiac racecars. (Jack Perp. Dep. at 169:13-18.) He further stated that he used Borg-Warner brakes on cars he and his neighbor built for racing in the Bonneville Salt Flats many years later. (*Id.* at 208:3-209:14.)

The court granted summary judgment to Borg-Warner on the issue of Mr. Jack's alleged exposure from Borg-Warner brakes on the ground that Plaintiffs failed to show that Borg-Warner manufactured asbestos-containing brakes during the relevant period. (Order at 44.) In the body of their response, Plaintiffs cited no evidence that Borg-Warner brakes contained asbestos between 1964 and 2007. (*See generally* Pl. Resp.) Notably, in the section of their briefing dedicated to showing that "BorgWarner friction products contained asbestos," Plaintiffs did not mention Borg-Warner brakes. (*Id.* at 5.) However, Plaintiffs embedded in their statement of facts a footnote declaring that "BorgWarner manufactured brakes from 1971 to 1975." (*Id.* at 4 n.3.) To support that assertion, Plaintiffs cited one of Borg-Warner's responses to Plaintiffs' requests for

admission. (*See id.* (citing Adams Decl. (Dkt. # 614) ¶ 2, Ex. J ("Admis.") at 5-6).) In that admission, Borg-Warner conceded that its predecessor, Borg-Warner Corporation, "manufactured disc brake pads, which incorporated chrysotile (serpentine) asbestos fibers . . . under the 'Borg-Warner' brand name for limited Ford and Mercury vehicles, models 1971-1975, for special and limited applications." (Admis. at 5-6.) The court's summary judgment order does not expressly address this admission.[1]

Taking into account all of Plaintiffs' evidence on Borg-Warner brakes, and drawing all reasonable inferences in Plaintiffs' favor, the court concludes that Borg-Warner remains entitled to summary judgment on the issue of Mr. Jack's alleged exposure to asbestos-containing Borg-Warner brakes. The admission concerning disc brake pads pertains only to "limited Ford and Mercury vehicles." (*Id.*) Yet Plaintiffs provide no evidence that Mr. Jack ever raced or maintained a Ford or Mercury vehicle produced between 1971 and 1975. (*See generally* Pl. Resp. Borg-Warner.) To the contrary, the only racecars Mr. Jack specifically recalled having worked on were 1960 and 1962 Pontiacs (Jack Perp. Dep. at 145:22-146:7) and cars he and his neighbor "built" themselves (*id.* at 208:3-8). Nor do Plaintiffs produce any evidence that Borg-Warner

//

---

[1] As the above summary of Plaintiffs' evidence suggests, Plaintiffs' briefing was not a model of clarity. The footnote in question does not state that the brakes Borg-Warner manufactured in the 1970s ever contained asbestos; Plaintiffs leave the court to find that tidbit on its own. But as the Ninth Circuit observes, "judges are not like pigs, hunting for truffles buried in briefs." *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). The court cautions counsel to do better going forward.

manufactured asbestos-containing replacement brakes that Mr. Jack could have acquired for use on his racecars. (*See generally* Pl. Resp.)

In short, Plaintiffs fail to establish a "reasonable connection" between Mr. Jack's injury and Borg-Warner's asbestos-containing brakes. *Lockwood v. AC & S, Inc.*, 744 P.2d 605, 612 (Wash. 1987). Borg-Warner is thus entitled to summary judgment on the issue of Mr. Jack's alleged exposure to asbestos-containing Borg-Warner brakes. The court further notes that its ruling on Borg-Warner's second motion in limine, which concerned the exclusion of evidence of Borg-Warner products not linked to Mr. Jack's asbestos exposure, remains unchanged. (*See* Borg-Warner MIL (Dkt. # 663) at 5-6; 9/17/2018 Min. Entry (Dkt. # 707) (referring the parties to the court's statements on the record for rulings on motions in limine).)

Dated this 20th day of September, 2018.

The Honorable James L. Robart
U.S. District Court Judge