HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, individually and as Personal Representative of the Estate of PATRICK JACK; DAVID JACK, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS CORPORATION LTD., et al.,<br><br>Defendants. | No. 2:17-cv-00537-JLR<br><br>PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY<br><br>NOTING DATE: SEPTEMBER 21, 2018 |

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Plaintiffs seek reconsideration of the portions of the Court's Order dated September 17, 2018, granting the summary judgment motion of Defendant Union Pacific Railroad Company ("UP"). *See* Dkt. # 706 at 3, 17-18, 22-30, 55. Plaintiffs rely on the Breen declaration, filed herewith, and the pleadings and materials already on file. Plaintiffs respectfully contend the Court committed clear error and the decision was manifestly unjust.[1]

## I. Plaintiffs clearly were entitled to notice of a challenge to evidence from Dr. Brodkin and an opportunity to respond.

The Court concluded "Dr. Brodkin's opinion [regarding asbestos content of cement piping and insulation on UP premises] lacks foundation sufficient to ensure its reliability under Federal Rule of Evidence 702." Dkt. # 706 at 30 n.18. Because expert opinion evidence is sufficient to create a genuine issue of fact sufficient to defeat summary judgment, *Wolff v. Padja, Inc.*, 732 F. App'x 614, 616 (9th Cir. 2018), the Court's conclusion that Dr. Brodkin's opinion could not survive a *Daubert* challenge was necessary to its holding.

Courts have broad discretion to determine the procedures by which they address challenges to expert testimony. A court may even raise a *Daubert* issue *sua sponte*.[2] However, the discretion in how to decide a *Daubert* challenge is not unlimited. Instead, case law is clear that, at a minimum, litigants are entitled to an opportunity to be heard on the issue.[3] And the fact that a court may *raise* a challenge to an expert on its own does not mean

---

[1] *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court . . . committed clear error or the initial decision was manifestly unjust . . . ."); LCR 7(h)(1).

[2] *See* Dkt. # 706 at 30 n.18 (citing *Kirstein v. Parks Corp.*, 159 F.3d 1065, 1067 (7th Cir. 1998).

[3] *See Jerden v. Amstutz*, 430 F.3d 1231, 1237 (9th Cir. 2005) ("Given the 'liberal thrust' of the federal rules it is particularly important that the side trying to defend the admission of evidence be given an adequate chance to do so." (Citation and quotation marks omitted)); *Bulthuis v. Rexall Corp.*, 789 F.2d 1315, 1317 (9th Cir. 1985) ("In view of the presumption established by Rule 705 that supporting facts need not be stated unless requested, it would be unfair to grant summary judgment against plaintiff without affording an opportunity to supply them. If the judge in his discretion decided more detail was desirable, plaintiff should have been permitted to supply it."); *Grp. Health Plan, Inc. v. Philip Morris USA, Inc.*, 344 F.3d 753, 761 n.3 (8th Cir. 2003) ("The only legal requirement is that the parties have an adequate opportunity to be heard before the district court makes its [Daubert] decision." (Citations and quotation marks omitted)); *Busch v. Dyno Nobel, Inc.*, 40 F. App'x 947, 961 (6th Cir. 2002) ("[T]he district court, while not required to hold a formal *Daubert* hearing, is charged with the responsibility of ensuring that the record before the court is

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY - 1 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

it may *decide* the issue without an opportunity for input from the parties.[4]

Here, UP did not challenge Dr. Brodkin's opinions on the asbestos content of products on UP premises.[5] While UP made *Daubert* challenges to other experts, *see* Dkt. # 540, 541, 600, 601, 602, it did *not* raise a challenge to Dr. Brodkin's opinions on any point, either in its summary judgment motion or in a separate *Daubert* motion. Consequently, the first notice Plaintiffs had of a challenge to Dr. Brodkin's testimony on this topic was the Order deciding the issue against Plaintiffs and granting UP's motion for summary judgment.[6] Without notice, Plaintiffs had no cause to address the issue, nor any opportunity to do so.

---

adequate. An adequate record is one that allows both parties the opportunity to argue the admissibility of the disputed testimony." (Citation omitted)); *Padillas v. Stork-Gamco, Inc.,* 186 F.3d 412, 418 (3d Cir. 1999) (reversing summary judgment where the expert opinions in question were "insufficiently explained and the reasons and foundations for them inadequately and perhaps confusingly explicated," and stating "if the court was concerned with the factual dimensions of the expert evidence . . ., it should have held an in limine hearing to assess the admissibility of the [report], giving plaintiff an opportunity to respond to the court's concerns" (citations and quotation marks omitted)); *Cortes-Irizarry v. Corporacion Insular De Seguros*, 111 F.3d 184, 188 (1st Cir. 1997) ("[A]t the junction where *Daubert* intersects with summary judgment practice, *Daubert* is accessible, but courts must be cautious—except when defects are obvious on the face of a proffer—not to exclude debatable scientific evidence without affording the proponent of the evidence adequate opportunity to defend its admissibility."); *AntiCancer, Inc. v. CellSight Techs., Inc.*, No. 10CV2515 JLS RBB, 2012 WL 3018056, at *4 n.8 (S.D. Cal. July 24, 2012) (declining to consider *Daubert* challenge because non-moving party "has not even had an opportunity to oppose the motion" because motion was raised in a reply brief); *Ogden v. Cty. of Maui*, 554 F. Supp. 2d 1141, 1146 n.7 (D. Haw. 2008), *aff'd*, 342 F. App'x 241 (9th Cir. 2009) (declining to consider *Daubert* motion "because Defendants have not briefed the . . . issue in anything more than a cursory way and Plaintiff was not given a meaningful opportunity to respond").

It is presumably for this reason that this Court has previously declined, in the absence of a motion on the subject, to make a *Daubert* determination at summary judgment. *See Botts v. United States*, No. C12-1943JLR, 2013 WL 6729002, at *8 (W.D. Wash. Dec. 20, 2013) (Robart, J.), *rev'd on other grounds*, 650 F. App'x 325 (9th Cir. 2016) ("The Government points out what it perceives to be several flaws in Mr. Heyer's calculations. But the Government has not challenged Mr. Heyer's testimony as inadmissible under the *Daubert* standard, and at summary judgment, the court cannot weigh the evidence." (Footnote and citations omitted)).

[4] *See* cases cited at footnote 3, *supra*. While *Kirstein v. Parks Corporation* states a judge may raise *sua sponte* the admissibility of expert testimony, 159 F.3d at 1067, that case involved a challenge to expert testimony that was "clearly raised" in initial briefing on summary judgment, *id.* at 1068. Similarly, in support of the proposition that a court may raise a *Daubert* issue *sua sponte*, *Kirsten* cites *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090 (7th Cir. 1994). In *O'Conner*, the trial court *sua sponte* raised the admissibility of expert testimony, but it did so by reconsidering its earlier decision that had been reached *only after* the issue had been briefed and the proponent of the testimony filed supplemental affidavits to explain the basis of the expert's opinion. *Id.* at 1094. That did not happen here.

[5] UP specifically stated this was an appropriate subject for expert opinion. Dkt. # 510-1 at 133-34; Breen Decl, Ex. A at 2. Unless otherwise stated, all exhibits are to the Breen declaration filed herewith.

[6] The Court set a deadline for *Daubert* motions, which has passed. *See* Dkt. # 184 at 1; Dkt. # 547.

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY - 2 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

Plaintiffs respectfully submit that failure to accord Plaintiffs notice and an opportunity to respond was clear error and manifestly unjust.[7]

An opportunity to address a challenge to Dr. Brodkin's testimony would have demonstrated his opinions have sufficient foundation.[8] Dr. Brodkin is out of the country and not presently available to supplement or explain the record,[9] yet the documents he relied on amply support his opinion that cement piping and insulation on steam pipes in the 1940s and 1950s typically contained asbestos.[10] Dr. Brodkin referenced, both in his report submitted to the Court and in his deposition, medical / industrial hygiene articles that discuss widespread use of asbestos in myriad applications in the railroad industry in the relevant time period,[11] and the deposition testimony on which he relied explains that *generally in the railroad industry* asbestos was necessarily used at relevant times both on locomotives and in structures.[12] Had the Court raised its concerns in September prior to issuing its Order, Plaintiffs also would have submitted evidence showing that UP purchased asbestos-

---

[7] *See Padillas*, 186 F.3d at 417 (reversing summary judgment where "plaintiff could not have known in advance the direction the district court's opinion might take and thus needed an opportunity to be heard on the [admissibility of expert testimony] before having his case dismissed").

[8] If Plaintiffs had had notice of a challenge to Dr. Brodkin's testimony on this point, they would have submitted explanatory materials, as they did in connection to other challenges to his testimony. *See, e.g.*, Dkt. # 562 (attaching 39 exhibits).

[9] Plaintiffs herein identify evidence to address the Court's concerns. However, provided the Court is not satisfied with the evidence identified and in order to prevent unfair prejudice, Plaintiffs ask the Court for an opportunity to obtain evidence and further explanation from Dr. Brodkin himself on these issues before the Court makes an adverse *Daubert* ruling.

[10] Even UP's expert industrial hygienist does not suggest Mr. Jack failed to encounter asbestos-containing products on UP premises, only that his exposure was not excessive. *See* Dkt. # 326-1.

[11] Ex. B at 150 (identifying articles); Dkt. # 612-1 at 120-21 (same); Ex. C at 1243 (stating "[a]sbestos exposure in the railroads occurred primarily during the steam engine era," which ended in the 1950s, and that asbestos exposures arose from insulation on locomotives and from "maintenance of railroad structures") Ex. D at 461-62 (stating "[a]sbestos was used extensively in the railroad industry in the first half of this century," including "lagging for steam locomotives" and "asbestos-based materials . . . used in railroad construction"); *see also* Ex. M and Ex. O.

[12] Dkt. # 612-1 at 28 (listing depositions); Ex. E at 86-91 (agreeing virtually all steam pipe insulation used in the United States contained amphibole asbestos and that in general both diesel and steam locomotives used asbestos insulation in the 1950s); Ex. F at 102-03; Ex. G at 147; *see also* Ex. N; *cf.* Ex. L at 22-23, 26-31.

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY - 3 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

containing materials,[13] UP documents acknowledge that asbestos was ubiquitous,[14] and UP water service employees worked with asbestos insulation from steam piping.[15]

## II. Even in the absence of an opportunity for Plaintiffs to respond, it was clear error to grant summary judgment on Plaintiffs' "direct exposure" claim.

Mr. Jack provided direct evidence of what he observed on the "approximately six to eight times between 1949 and 1952, he watched Union Pacific workers." Dkt. # 706 at 29.[16] Dr. Brodkin relies on that testimony, his knowledge as an expert, and the materials he reviewed in determining that (based on Mr. Jack's description and the time frame) both the pipecovering and the cement pipe Mr. Jack observed contained asbestos. As discussed above, Dr. Brodkin's report and deposition identified multiple documents and depositions supporting this opinion and state the factual bases for this opinion, e.g., Mr. Jack's description of the material and the timeframe. *See* notes 11 & 12, *supra*; Dkt. # 612-1 at 28. This evidence is stronger than in *Lockwood* or *Allen*, where the plaintiffs never personally observed the products at issue.[17] Similarly, Mr. Jack's multiple exposures on UP premises to asbestos is much more than a "single instance" and satisfies the substantial factor test as explained *inter alia* in *Morgan v. Aurora Pump Co.*, 159 Wn. App. 724, 740 (2011).

Dr. Brodkin's evidence together with Mr. Jack's testimony was sufficient to defeat UP's motion. "'[E]xpert opinion is admissible and may defeat summary judgment if it

---

[13] Ex. H at 2-5; Ex. I at 15; *accord* Ex. J at 4, 7-12, 16-19, 21-22, 26-27.

[14] Ex. K at 160, 162 (stating "[a]sbestos is almost everywhere" including in UP buildings and rolling stock in products such as insulation, cement products, plaster, tile, and tape used to wrap steam pipes).

[15] Ex. K at 169.

[16] Mr. Jack testified that his visits to UP averaged a couple of hours, that he "watched workers cut and fit pipes using hand-held hacksaws and power saws," and that in hindsight the pipes "looked like cement piping." Dkt. #706 at 6. He also testified he witnessed workers handle white chalky material. *Id.* He testified that these activities created dust which he breathed and that he was 10 to 50 feet away from these activities. *Id.* That testimony alone satisfies most of the *Lockwood* factors, i.e. Mr. Jack's proximity to the asbestos, the amount of time he was exposed to the asbestos, the size of the work site, and the type of products to which he was exposed, including a description of the products. *See Lockwood v. AC & S, Inc.,* 109 Wn.2d 235, 248 (1987).

[17] *See Lockwood*, 109 Wn.2d at 244; *Allen v. Asbestos Corp.*, 138 Wn. App. 564, 569 (2007). Plaintiffs note that, unlike *Lockwood* and *Allen,* the present case is a premises case, and they need not establish exposure to any specific product.

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY - 4 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

appears the affiant is competent to give an expert opinion and the factual basis for the opinion is stated in the affidavit, even though the underlying factual details and reasoning upon which the opinion is based are not."[18] Dr. Brodkin satisfies this requirement because he identifies in his report and/or his deposition "the factual basis for the opinion," although he does not necessarily discuss the underlying factual details and reasoning. Even UP acknowledged the evidence in the record potentially created an issue of fact on this point.[19] *Accord* Dkt. # 706 at 27 (discussing common use of circumstantial rather than direct evidence of exposure in asbestos cases).

The propriety of Dr. Brodkin's reliance on historical information about the appearance and use of asbestos-containing products in the 1940s and 50s is also supported by FRE 705 as interpreted in *Bulthuis*. *See* n.18, *supra*. The Louisiana analog to FRE 705 was similarly interpreted in *Zimko v. American Cyanamid*, 905 So.2d 465, 490-91 (2005), which permitted Dr. Roggli, an expert for UP in this case, "to rely on his experience and knowledge in expressing his opinion" about the asbestos content of products to which the plaintiff's father would have been exposed while working in the 1940s and 1950s.[20]

### III. Granting summary judgment on Plaintiffs' "secondary exposure claim" for lack of foreseeability was clear error.[21]

The Court's analysis did not address a variety of evidence discussed at pages 11-12 of

---

[18] *Walton v. U.S. Marshals Serv.*, 476 F.3d 723, 730 (9th Cir. 2007) (quoting *Bulthuis,* 789 F.2d at 1318; *see also* n.3, *supra*; *Bulthuis*, 789 F.2d at 1317 ("By the express terms of Fed.R.Evid. 705, '[t]he expert may testify in terms of opinion or inference and give his reasons therefore *without prior disclosure of the underlying facts or data unless the court requires otherwise*.' The court did not 'require otherwise' in this case; it simply accorded the declarations of opinion no weight and granted summary judgment against plaintiff." (Emphasis added)).

[19] *See* Dkt. # 634 at 5 ("Plaintiffs *might* be able to substantiate the Decedent was exposed to Union-Pacific attributable asbestos on the occasion he allegedly accompanied his father to work . . . .")

[20] *See also Maffei v. N. Ins. Co. of N.Y.*, 12 F.3d 892, 897 (9th Cir. 1993) ("[I]t is reversible error in a summary judgment proceeding to exclude expert testimony offered by a plaintiff on a factual issue if the exclusion deprives the plaintiff of a permissible inference that could be drawn by the finder of fact on that issue.").

[21] The Court assumed for purposes of this claim "that Mr. Jack's father worked with asbestos on Union Pacific premises." Dkt. # 706 at 22 n.16.

PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY - 5 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

the Castleman report.[22] That evidence is clearly inconsistent with this Court's statement that "there is no evidence in the record to charge Union Pacific with constructive knowledge of the dangers of take-home exposure to the employee's families during the relevant time period in and before 1955." Dkt. # 706 at 25. The Court's statement is also inconsistent with opinions of the California and New Jersey Supreme Courts.[23] *Kesner* referred to the 1952 US DOL statement discussed in footnote 22, *supra*, in determining that "[w]ell before OSHA issued the 1972 standard, the federal government and industrial hygienists recommended that employers take measures to prevent *employees* who worked with toxins from *contaminating their families by changing and showering before leaving the workplace*."[24]

## IV. Conclusion.

Plaintiffs request the Court grant this motion and request a stay of the case to either address the Daubert issues or to permit appeal of the issues addressed herein.

---

[22] For example, the report notes the head of the Environmental Cancer Section of the National Cancer Institute "wrote in JAMA in 1946 that workers handling carcinogenic materials such as asbestos be provided with showers and special rooms for storing street clothes," and that "[t]he United States Department of Labor issued safety and health guidelines in conjunction with contract work for the federal government," including "[a] 1952 document entitled Safety and Health Standards for Contractors performing Federal Supply Contracts under the Walsh-Healey Public Contracts Act [that] required that contractors provide facilities to present the communication of harmful substances from work clothes by contact to street clothes." Dkt. # 635 at 16-17.

Moreover, Union Pacific submitted into the record of this summary judgment Plaintiffs' interrogatory answers stating, among other things, that "[m]inutes from a 1935 meeting of the Association of American Railroads indicate that railroad workers are developing asbestosis and that education, dust suppression, wet down methods, inhalers, and air testing are recommended" and that other documents "indicate that in the mid-1930s the railroads actively concealed the dangers of asbestos from their workers because they believed such '[p]ublicity . . . might suggest the making of claims.'" Dkt. # 477 at 211; *accord* Ex. L at 110, 115-16.

[23] *Kesner v. Superior Court*, 1 Cal. 5th 1132, 1147, 384 P.3d 283 (2016); *Olivo v. Owens-Illinois, Inc.*, 186 N.J. 394, 404 (N.J. Supreme Court 2006).

[24] 1 Cal. 5th at 1147 (emphases added). This 2016 interpretation of the 1952 US DOL document as instructing employers to prevent employees from *contaminating their families* agrees with the Castleman statement quoted at footnote 22 but differs from *Hoyt*'s earlier and unpublished interpretation of the same document as *only* addressing *workers'* health. At summary judgment, Plaintiffs are clearly entitled to the more favorable reasonable interpretation, i.e., that of the California Supreme Court. *See also Olivo*, 186 N.J. at 404 ("It requires no leap of imagination to presume that during the decades of the *1940's, 50's, 60's*, and early 1980's when Anthony worked as a welder and steamfitter either he or his spouse would be handling his clothes in the normal and expected process of laundering them so that the garments could be worn to work again. Anthony's soiled work clothing had to be laundered and Exxon Mobil, as one of the sites at which he worked, *should have foreseen that whoever performed that task would come into contact with the asbestos that infiltrated his clothing while he performed his contracted tasks*." (Emphases added.)).

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY - 6 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

| | |
|---|---|
| 1 | DATED this 21st day of September, 2018. |
| 2 | SCHROETER, GOLDMARK & BENDER |
| 3 | *s/ Thomas J. Breen* |
| 4 | *s/ Lucas Garrett* |
| | *s/ William J. Rutzick* |
| 5 | THOMAS J. BREEN, WSBA #34574 |
| | LUCAS GARRETT, WSBA #38452 |
| 6 | WILLIAM J. RUTZICK, WSBA #11533 |
| | 810 Third Avenue, Suite 500 |
| 7 | Seattle, WA 98104 |
| | Phone: (206) 622-8000 |
| 8 | breen@sgb-law.com |
| 9 | garrett@sgb-law.com |
| | rutzick@sgb-law.com |
| 10 | |
| 11 | and |
| 12 | DEAN OMAR BRANHAM, LLP |
| 13 | |
| 14 | *s/ Benjamin H. Adams* |
| | BENJAMIN H. ADAMS (*Pro hac vice*) |
| 15 | CA. BAR NO. 272909 |
| | 302 N. Market Street, Suite 300 |
| 16 | Dallas, Texas 75202 |
| | Phone: (214) 722-5990 |
| 17 | badams@dobllp.com |
| 18 | *Counsel for Plaintiffs* |

PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY - 7 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Randy J Aliment     randy.aliment@lewisbrisbois.com, annie.kliemann@lewisbrisbois.com

Ronald C Gardner     rgardner@gandtlawfirm.com, khensley@gandtlawfirm.com

James Edward Horne     jhorne@gth-law.com, imoservice@gth-law.com, kcalkins@gth-law.com

Kristin M Houser     houser@sgb-law.com, oneil@sgb-law.com, sgbasbestos@sgb-law.com

Diane J. Kero     dkero@gth-law.com, service@gth-law.com

Barry Neal Mesher (Terminated)     bnm@bnmesherlaw.com

Michael Edward Ricketts     mricketts@gth-law.com, cwallace@gth-law.com, imoservice@gth-law.com, kcalkins@gth-law.com

William Joel Rutzick     rutzick@sgb-law.com, jones@sgb-law.com, liberio@sgb-law.com, ross@sgb-law.com, scrawford@sgb-law.com, ylitalo@sgb-law.com

Tim D. Wackerbarth     wackerbartht@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com, wallg@lanepowell.com

Chris Robert Youtz     chris@sylaw.com, matt@sylaw.com, stacy@sylaw.com, theresa@sylaw.com

Brian D Zeringer (Terminated)     zeringerb@lanepowell.com, docketing-sea@lanepowell.com, pottert@lanepowell.com, wallg@lanepowell.com

Richard G Gawlowski     gawlowski@wscd.com, ossenkop@wscd.com, reyes@wscd.com

Mark J Fucile     mark@frllp.com, service@frllp.com, signe@frllp.com

Christopher S Marks     cmarks@tktrial.com, asbestos.service@tktrial.com, mtiegen@tktrial.com

Kevin J Craig     kcraig@gordonrees.com, akendrick@grsm.com

PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY - 8 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

| | |
|---|---|
| 1 | Mark B Tuvim     mtuvim@gordonrees.com, akendrick@gordonrees.com, seaasbestos@grsm.com |
| 2 | |
| 3 | Mary P Gaston     mgaston@perkinscoie.com, HW_Asbestos_SEA@perkinscoie.com, docketsea@perkinscoie.com, jstarr@perkinscoie.com |
| 4 | |
| 5 | Katherine M. Steele     Asbestos@bullivant.com, freida.mason@bullivant.com |
| 6 | Charles W Branham, III     tbranham@dobllp.com, cweeks@dobllp.com, jjohnson@dobllp.com |
| 7 | |
| 8 | Richard D Ross     rross@bbllaw.com, AsbestosWA@bbllaw.com, epowell@bbllaw.com, mmadderra@bbllaw.com |
| 9 | Jeffrey M Odom     odomj@lanepowell.com, carchanoh@lanepowell.com, carrington-dahlk@lanepowell.com, docketing-sea@lanepowell.com |
| 10 | |
| 11 | Andrew Gordon Yates     yatesa@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com |
| 12 | |
| 13 | John G Goller     jgoller@vonbriesen.com, jmitten@vonbriesen.com, tdahms@vonbriesen.com |
| 14 | Jeanne F Loftis     jeanne.loftis@bullivant.com, Asbestos-pdx@bullivant.com, alicia.soine@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com |
| 15 | |
| 16 | Rachel Tallon Reynolds     Rachel.Reynolds@lewisbrisbois.com, Annie.Kliemann@lewisbrisbois.com, Seattle-Asbestos@lewisbrisbois.com |
| 17 | |
| 18 | Thomas J. Breen     breen@sgb-law.com, sgbasbestos@sgb-law.com |
| 19 | Marc Marshall Carlton     marc.carlton@lewisbrisbois.com, Seattle-Asbestos@lewisbrisbois.com, stacey.miller@lewisbrisbois.com |
| 20 | |
| 21 | Allen Eraut     aeraut@rizzopc.com, recordsmanagement@rizzopc.com |
| 22 | Daniel K. Reising     dan@frllp.com, service@frllp.com, signe@frllp.com |
| 23 | Erin P Fraser     efraser@tktrial.com, mtiegen@tktrial.com |
| 24 | William D Harvard     WDHarvard@ewhlaw.com, kacook@ewhlaw.com |
| 25 | |
| 26 | Claude Bosworth     cbosworth@rizzopc.com, recordsmanagement@rizzopc.com |

PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY - 9 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

| | |
|---|---|
| 1 | Elizabeth Jean McLafferty    mclafferty@sgb-law.com, sgbasbestos@sgb-law.com |
| 2 | Brendan Hanrahan    brendan.hanrahan@bullivant.com |
| 3 | Kristine E Kruger    kkruger@perkinscoie.com, HW_Asbestos_Sea@perkinscoie.com, cboshell@perkinscoie.com, docketpor@perkinscoie.com, kristinekruger@gmail.com |
| 5 | Malika Johnson    mjohnson@tktrial.com, mtiegen@tktrial.com |
| 6 | Lucas W.H. Garrett    garrett@sgb-law.com, sgbasbestos@sgb-law.com |
| 7 | Michael Mackenzie Brown    mac.brown@bullivant.com, Freida.Mason@bullivant.com |
| 8 | Shaun Mary Morgan    smorgan@rizzopc.com, recordsmanagement@rizzopc.com |
| 9-10 | Benjamin H. Adams    badams@dobllp.com, cweeks@dobllp.com, jjohnson@dobllp.com |
| 11 | Trevor J. Mohr    tmohr@gordonrees.com, seaasbestos@gordonrees.com |
| 12 | Viiu Spangler Khare    vspanglerkhare@bcrslaw.com, rcastellanos@bcrslaw.com, tmatsumoto@bcrslaw.com |
| 13-14 | Ryan T Moore    rmoore@bcrslaw.com, achohlis@bcrslaw.com, cbee@bcrslaw.com, nlevonyan@bcrslaw.com |
| 15 | Lisa W Shirley    LShirley@dobllp.com, dsmith-hogan@dobllp.com |
| 16 | Carrie S Lin    clin@mgmlaw.com |
| 17-18 | Katherine A. Lawler    katherine.lawler@nelsonmullins.com, shemeka.eldridge@nelsonmullins.com |
| 19 | Robert H Berkes    rberkes@bcrslaw.com |
| 20 | R Thomas Radcliffe    tradcliffe@dehay.com, mktippins@dehay.com |
| 21-22 | Joseph S Pevsner    Joseph.Pevsner@tklaw.com, annetta.harrison@tklaw.com, christi.durden@tklaw.com |
| 23 | Gary D Elliston    gelliston@dehay.com, lrm@dehay.com |
| 24-25 | Mahsa Kashani Tippins    mktippins@dehay.com, cwallace@gth-law.com |
| 26 | Harry S Johnson    hjohnson@wtplaw.com, cblind@wtplaw.com |

PLAINTIFFS' MOTION FOR
RECONSIDERATION AND MOTION FOR
STAY - 10 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA  98104
Phone (206) 622-8000 ● Fax (206) 682-2305

DATED: September 21, 2018, at Seattle, Washington.

*s/ Cameron Colbo*
Cameron Colbo, Legal Assistant
SCHROETER GOLDMARK & BENDER
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
Fax: (206) 682-2305
Email: colbo@sgb-law.com

PLAINTIFFS' MOTION FOR RECONSIDERATION AND MOTION FOR STAY - 11 (Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305