UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, Individually and as Personal Representative of the Estate of PATRICK JACK; DAVID JACK, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS CORPORATION LTD., et al.,<br><br>Defendants. | No. 2:17-cv-00537 JLR<br><br>PLAINTIFFS' TRIAL BRIEF REGARDING APPLICATION OF PRE-WPLA LAW<br><br>ORAL ARGUMENT REQUESTED |

Plaintiffs Leslie Jack, individually and as personal representative of the Estate of Patrick Jack, and David Jack, individually, file this Trial Brief in support of their position that the Washington Products Liability Act (WPLA) should not be applied in this case.

## I. RELIEF REQUESTED

The Court should apply Washington common law in existence before 1981 given that substantially allof decedent Patrick Jack's exposures to Defendants' asbestos products occurred prior to 1981. At a minimum, because the application of pre-WPLA law turns on the years of Mr. Jack's exposure, this is a factual matter for consideration by the jury at trial. The Court should also apply joint and several liability, as the proportionate fault scheme does not apply to asbestos cases.

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 1
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

## II. ARGUMENT AND AUTHORITIES

### A. Pre-WPLA law applies to Plaintiffs' claims.

The WPLA applies to product claims arising on or after its effective date of July 26, 1981. RCW 4.22.920(1); *Fagg v. Bartells Asbestos Settlement Trust, et al.*, 184 Wn. App. 804, 812 (2014). When, however, the plaintiff's exposure to the product in question is "prolonged or continuous in nature . . . Washington courts consider when 'substantially all' of the exposure occurred in determining when the claim arises." *Id.* The term "substantially all" was intended to mean "nearly all," and has been quantified at 85% or more. *Id* at 813. The term substantially all is measured by the plaintiff's exposure to a specific defendant's products and the WPLA will apply only if substantially all of a plaintiff's exposure to that defendant's product occurred *after* July 26, 1981. *Id.* at 815.

In cases where "substantially all" of the injury-producing events occurred prior to the WPLA's effective date, Washington law holds that the product liability claim "arises" prior to the Act's effective date. *Koker v. Armstrong Cork, Inc.*, 60 Wn. App. 466, 472 (1991). Over two decades of litigation, Washington courts have consistently held that in asbestos-related cases in which the "injury producing" asbestos exposure occurs prior to the effective date of the WPLA, but the harm associated with this injury (diagnosis with an asbestos-related disease) manifests itself after the WPLA's effective date, the product liability claim arises *prior* to the WPLA's effective date. *Id.*

For instance, in *Krivanek v. Fibreboard Corp.*, the plaintiff was exposed to the defendant's asbestos-containing products from 1953 to 1986 at the Puget Sound Naval Shipyard, but was diagnosed with mesothelioma in 1987. *Krivanek v. Fibreboard Corp.*, 72 Wn. App. 632 (1993). The court found that liability standards pre-dating the WPLA applied

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 2
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

to Krivanek's claim and stated that "where the harm results from exposure, and it appears that substantially all of the injury-producing events occurred prior to the adoption of the 1981 Act, the 1981 Act does not apply." *Id.* at 635. Similarly, in *Viereck v. Fibreboard Corp.*, Viereck was exposed to the defendant's asbestos-containing products from 1956-1960 but was not diagnosed with mesothelioma until 1992. *Viereck v. Fibreboard Corp.*, 81 Wn. App. 579, 584–85 (1996). The court likewise held that because "substantially all the events producing" Plaintiff's mesothelioma occurred before 1981, the WPLA was not applicable." *Id.* Courts that have held the WPLA applies have done so when substantially all of the exposure occurred after 1981 (*See Macias v. Saberhagen Holdings Inc.,* 175 Wn.2d 402, 406 (2012) (finding the WPLA applied when only four of the twenty six years of exposure pre-dated 1981).

Numerous Washington cases have allowed Plaintiffs to assert pre-WPLA law when most of the exposure occurred prior to 1981. *See*, e.g., *Lunsford v. Saberhagen Holdings, Inc.*, 166 Wn.2d 264 (2009) (child of asbestos worker who contracted mesothelioma from contact with father's clothing could assert pre-WPLA rule of strict liability for asbestos exposure); *Braaten v. Saberhagen Holdings*, 165 Wn.2d 373 (2008) (pre-WPLA law applied to claims of Plaintiff who was exposed to asbestos aboard navy ships from 1967 until the early 1980s and was diagnosed with mesothelioma in 2003); *Mavroudis v. Pittsburgh-Corning Corp*., 86 Wn. App. 22, 935 (1997) (claim of asbestos worker who was exposed prior to 1981, but who discovered his injury in 1993, was governed by pre-WPLA law); *Koker*, 60 Wn. App. at 472 (trial court was incorrect in applying the WPLA to the claims of a pipefitter who was exposed to asbestos in the 1960s, 1970s, and 1980s, but was not diagnosed with asbestos-related pleural thickening until 1986).

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 3
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

Here, Plaintiffs contend substantially all of Patrick Jack's exposure to Defendants' products occurred prior to 1981. As the Court set forth in its summary judgment order, Mr. Jack had exposure to Ford and Borg-Warner products as a professional automotive mechanic at Dexter Avenue Auto Repair from 1962 to 1964 and at Apex Mobile Home Towing from 1964 to 1968. (Dkt. # 706 at 8, 12-13). He also did personal automotive work for several decades, including up into the mid-1980s. (Dkt. # 706 at 10-12).

Regarding Patrick Jack's exposure to Victor gaskets, for which DCo is responsible, that exposure also occurred in Mr. Jack's professional capacity at Dexter from 1962 to 1964. Ex. 1 at 543:20-24[1]. Jack installed hundreds of Victor gaskets at Dexter. *Id.* at 544:23-545:3. He also used Victor gaskets on his personal vehicles throughout his life. Ex. 2 at 210:11-23. Victor stopped making asbestos gaskets in 1988, however. Ex. 3 at 8, 11.

Thus, while Mr. Jack's exposures to asbestos brakes, clutches, and gaskets did continue after 1981, the bulk of his exposure was necessarily when he was a professional in the 1960s. The Court should find that at least 85% of Patrick Jack's exposures to Defendants' products occurred prior to 1981. Unlike *Macias,* here all of Mr. Jack's professional exposure pre-dated 1981 and most of his exposure from personal work did too.

If the Court finds that it cannot be decided as a matter of law that substantially all of Mr. Jack's exposures occurred prior to 1981, this issue should be submitted to the jury. In an asbestos case tried last year in Washington Superior Court, the jury was asked to decide a threshold question of whether substantially all of the plaintiff's exposures occurred prior to July 26, 1981. Ex. 4. Their answer to that question determined whether they evaluated the plaintiff's claims under the common law or under the WPLA. Plaintiffs ask the Court to

---

[1] Unless otherwise stated, all exhibits are to the Declaration of Benjamin H. Adams filed herewith.

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 4
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

employ a similar procedure in this case and let the jury decide the factual issue of when substantially all of Mr. Jack's exposures occurred.

### B. Defendants are subject to joint and several liability.

Under Washington law, joint and several liability law always applies in asbestos cases. *See Sofie v. Fibreboard Corp.*, 112 Wn.2d 636, 668-69 (Wash. *en banc*. 1989); *Coulter v. Asten Group, Inc.*, 135 Wn. App. 613, 618-20 (2006).

The principle of joint and several liability for indivisible injuries was set forth in *Seattle-First v. Shoreline Concrete*, 91 Wn.2d 230 (1978), in which the Supreme Court held as follows:

> The procedural cornerstone of tort law is the assurance of full compensation to the injured party. To attain this goal, the procedural aspect of our rule permits the injured party to seek full recovery from any one or all of such tort-feasors. So long as each tort-feasor's conduct is found to have been a proximate cause of the *indivisible* harm, we can conceive of no reason for relieving that tort-feasor of his responsibility to make full compensation for all harm he has caused the injured party. What may be equitable *between multiple tort-feasors* is an issue totally divorced from what is fair to the injured party.

*Id.* at 236 (emphasis added).

Effective in 1986, joint and several liability was abolished for most causes of action in favor of proportionate fault. RCW 4.22.070. There is an exception, however, for "any cause of action relating to hazardous wastes or substances or solid waste disposal sites." RCW 4.22.070(3)(a). The exception has been held to apply to asbestos cases such as this one. *See Sofie*, 112 Wn.2d at 668-69; *Coulter*, 135 Wn. App. at 618-20.

In *Sofie*, the plaintiff brought suit against asbestos manufacturers for damages arising from exposure to asbestos during his career as a pipefitter. 112 Wn.2d at 639. The Court analyzed the history and plain language of the hazardous substance exception to proportionate fault, finding that it was not limited to environmental cases and that the trial

PLAINTIFFS' TRIAL BRIEF RE APPLICATION OF PRE-WPLA LAW – 5
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

court had properly applied the exception to impose joint and several liability on the defendants in the context of an asbestos exposure claim. *Id.* at 668.

In *Lockwood v. AC&S, Inc.*, 109 Wn.2d 235 (1987), the Washington Supreme Court applied joint and several liability without analysis. The Court approved the following instruction on proximate cause:

> When the concurring negligence and/or product liability of two or more defendants are each proximate causes of the harm, each is liable regardless of the relative degree in which each contributes to the harm.

*Id.* at 268.

In *Coulter*, the Washington Court of Appeals revisted this issue again and held that under *Sofie*, "claims based on asbestos exposure fall within the 'hazardous substances' exception to the 1986 tort reform act and that joint and several liability therefore applies." 135 Wn. App. at 618. The court rejected the defendants' argument that *Sofie*'s analysis of joint and several liability was dicta. *Id.* at 620. The court found it significant that "the Legislature has not revised the hazardous substance exception in RCW 4.22.070(3) since the *Sofie* decision," and found this to be "an indication of legislative acquiescence of the court's interpretation." *Id.*

Therefore, under controlling law, joint and several liability applies to Defendants in this case.

### III. CONCLUSION

Plaintiffs ask the Court to apply pre-WPLA law to Plaintiffs' causes of action given that substantially all of Mr.Jack's exposures to Defendants' products occurred prior to 1981. If the Court decides otherwise the matter should be submitted to the jury to make a factual finding. In any event, the Court should apply joint and several liability.

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 6
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305

DATED this 21st day of September, 2018.

SCHROETER, GOLDMARK & BENDER

*s/ Thomas J. Breen*
THOMAS J. BREEN, WSBA #34574
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
breen@sgb-law.com

and

DEAN OMAR BRANHAM, LLP

*s/ Benjamin H. Adams*
Benjamin H. Adams (*Pro Hac Vice*)
CA Bar No. 272909
302 N. Market St., Suite 300
Dallas, TX 75219
badams@dobllp.com

*Counsel for Plaintiffs*

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 7
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

# CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Allen Eraut    aeraut@rizzopc.com, recordsmanagement@rizzopc.com

Andrew Gordon Yates    yatesa@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com

Barry Neal Mesher    bnm@bnmesherlaw.com

Benjamin H. Adams    badams@dobllp.com, dsmith-hogan@dobllp.com, jjohnson@dobllp.com

Brendan Hanrahan    brendan.hanrahan@bullivant.com

Carrie S Lin    clin@mgmlaw.com

Charles W Branham, III    tbranham@dobllp.com, jjohnson@dobllp.com

Chris Robert Youtz    chris@sylaw.com, matt@sylaw.com, stacy@sylaw.com, theresa@sylaw.com

Christopher S Marks    cmarks@tktrial.com, asbestos.service@tktrial.com, mtiegen@tktrial.com

Claude Bosworth    cbosworth@rizzopc.com, recordsmanagement@rizzopc.com

Daniel K. Reising    dan@frllp.com, service@frllp.com, signe@frllp.com

Diane J. Kero    dkero@gth-law.com, service@gth-law.com

Elizabeth Jean McLafferty    mclafferty@sgb-law.com, sgbasbestos@sgb-law.com

Erin P Fraser    efraser@tktrial.com, mtiegen@tktrial.com

James Edward Horne    jhorne@gth-law.com, imoservice@gth-law.com, kcalkins@gth-law.com

Jeanne F Loftis    jeanne.loftis@bullivant.com, alicia.soine@bullivant.com, Asbestos-pdx@bullivant.com, portlanddocketing@bullivant.com, stephanie.wilken@bullivant.com

Jeffrey M Odom    odomj@lanepowell.com, carchanoh@lanepowell.com, carrington-dahlk@lanepowell.com, docketing-sea@lanepowell.com

PLAINTIFFS' TRIAL BRIEF RE APPLICATION OF PRE-WPLA LAW – 8
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

John G Goller    jgoller@vonbriesen.com, jmitten@vonbriesen.com, tdahms@vonbriesen.com

Jospeh S Pevsner    Jospeh.Pevsner@tklaw.com

Katherine A. Lawler    katherine.lawler@nelsonmullins.com, shemeka.eldridge@nelsonmullins.com

Katherine M. Steele    Asbestos@bullivant.com, freida.mason@bullivant.com

Kevin J Craig    kcraig@gordonrees.com, akendrick@grsm.com

Kristin M Houser    houser@sgb-law.com, oneil@sgb-law.com, sgbasbestos@sgb-law.com

Kristine E Kruger    kkruger@perkinscoie.com, cboshell@perkinscoie.com, docketpor@perkinscoie.com, HW_Asbestos_Sea@perkinscoie.com, kristinekruger@gmail.com

Lisa W Shirley    LShirley@dobllp.com, dsmith-hogan@dobllp.com

Lucas W.H. Garrett    garrett@sgb-law.com, sgbasbestos@sgb-law.com

Malika Johnson    mjohnson@tktrial.com, mtiegen@tktrial.com

Marc Marshall Carlton    marc.carlton@lewisbrisbois.com, Seattle-Asbestos@lewisbrisbois.com, stacey.miller@lewisbrisbois.com

Mark B Tuvim    mtuvim@gordonrees.com, akendrick@gordonrees.com, seaasbestos@grsm.com

Mark J Fucile    mark@frllp.com, service@frllp.com, signe@frllp.com

Mary P Gaston    mgaston@perkinscoie.com, docketsea@perkinscoie.com, HW_Asbestos_SEA@perkinscoie.com, jstarr@perkinscoie.com

Michael Edward Ricketts    mricketts@gth-law.com, cwallace@gth-law.com, imoservice@gth-law.com, kcalkins@gth-law.com

Michael Mackenzie Brown    mac.brown@bullivant.com, Freida.Mason@bullivant.com

R Thomas Radcliffe    tradcliffe@dehay.com, mktippins@dehay.com

Rachel Tallon Reynolds    asbestos@bullivant.com, elizabeth.pina@bullivant.com, racheltallon@gmail.com, tonyha.davies@bullivant.com

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 9
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building ● 810 Third Avenue ● Seattle, WA 98104
Phone (206) 622-8000 ● Fax (206) 682-2305

| | |
|---|---|
| 1 | Randy J Aliment     randy.aliment@lewisbrisbois.com, annie.kliemann@lewisbrisbois.com |
| 2 | Richard D Ross     rross@bbllaw.com, epowell@bbllaw.com, mmadderra@bbllaw.com |
| 3 | Richard G Gawlowski     gawlowski@wscd.com, ossenkop@wscd.com, reyes@wscd.com |
| 4 | Robert H Berkes     rberkes@bcrslaw.com |
| 5-6 | Ronald C Gardner     rgardner@gandtlawfirm.com, khensley@gandtlawfirm.com |
| 7 | Ryan T Moore     rmoore@bcrslaw.com, achohlis@bcrslaw.com, cbee@bcrslaw.com, nlevonyan@bcrslaw.com |
| 8-9 | Shaun Mary Morgan     smorgan@rizzopc.com, recordsmanagement@rizzopc.com |
| 10 | Thomas J. Breen     breen@sgb-law.com, sgbasbestos@sgb-law.com |
| 11 | Tim D. Wackerbarth     wackerbartht@lanepowell.com, docketing-sea@lanepowell.com, mitchells@lanepowell.com, wallg@lanepowell.com |
| 12-13 | Trevor J. Mohr     tmohr@gordonrees.com, seaasbestos@gordonrees.com |
| 14 | Viiu Spangler Khare     vspanglerkhare@bcrslaw.com, rcastellanos@bcrslaw.com, tmatsumoto@bcrslaw.com |
| 15 | William D Harvard     WDHarvard@ewhlaw.com, kacook@ewhlaw.com |
| 16-17 | William Joel Rutzick     rutzick@sgb-law.com, jones@sgb-law.com, liberio@sgb-law.com, ross@sgb-law.com, scrawford@sgb-law.com, ylitalo@sgb-law.com |

DATED: September 21, 2018, at Seattle, Washington

By: *s/ Cameron Colbo*
Cameron Colbo, Legal Assistant
Schroeter, Goldmark & Bender
810 Third Avenue, Suite 500
Seattle, WA 98104
Phone: (206) 622-8000
colbo@sgb-law.com

PLAINTIFFS' TRIAL BRIEF RE APPLICATION
OF PRE-WPLA LAW – 10
(Case No. 2:17-cv-00537-JLR)

SCHROETER, GOLDMARK & BENDER
500 Central Building • 810 Third Avenue • Seattle, WA 98104
Phone (206) 622-8000 • Fax (206) 682-2305