THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, individually and as Personal Representative of PATRICK JACK; DAVID JACK, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>ASBESTOS CORPORATION LTD., et al.,<br><br>Defendants. | NO. 2:17-cv-00537-JLR<br><br>DEFENDANT DCO LLC'S TRIAL BRIEF REGARDING APPLICABILITY OF THE WPLA |

## I. INTRODUCTION

Defendant DCo, LLC (formerly Dana Companies, LLC) submits the following memorandum, as requested by the Court, to address applicability and impact of the Washington Product Liability Act, Ch. 7.72 RCW ("WPLA") on this matter.

## II. NEGLIGENCE AND STRICT PRODUCTS LIABILITY CLAIMS ARE SUBSUMED UNDER THE WPLA

The WPLA, codified in Ch. 7.72 RCW, establishes and sets standards for product liability claims. RCW 7.72.030(1) and (2) defines the liability of a manufacturer, creating liability standards for claims that products are not reasonably safe due to their design,

DEFENDANT DCO'S TRIAL BRIEF RE APPLICABILITY OF THE WPLA  - 1 of 8
(NO. 2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

their construction, or for lack of adequate warnings.[1]  The WPLA encompasses "product liability claims," which are defined to include:

> Any claim or action previously based on:  Strict liability in tort; negligence, breach of express or implied warranty; breach of, or failure to, discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation, concealment or nondisclosure, whether negligent or innocent; or other claim or action previously based on any other substantive legal theory except fraud, intentionally caused harm or a claim or action under the Consumer Protection Act, Chapter 19.86 RCW.

RCW 7.72.10(4). Thus, all common law theories related to product liability are pre-empted. *Washington Water Power Co. v. Graybar Electric Co.*, 112 Wn.2d 847, 853, 774 P.2d 1199 (1989); *Fagg v. Bartells Asbestos Settlement Trust*, 184 Wn. App. 804, 812, 339 P.3d 207 (2014).

### III.     THE WASHINGTON PRODUCT LIABILITY ACT APPLIES

The WPLA was enacted by Ch. 27, Laws of 1981 (Tort Reform Act of 1981).  It applies to claims "arising" on or after July 26, 1981.  RCW 4.22.920(1); *Macias v. Saberhagen Holdings, Inc.*, 175 Wn.2d 402, 408, 282 P. 3d 1069 (2012).[2]

In asbestos cases, the "arising" factor is determined by examining the time period over which the plaintiff allegedly was exposed to the injury-causing asbestos product.  The exposure to be considered in this regard is that attributable to individual defendants against whom claims are made, not the total exposure claimed from all sources.  Thus, exposures Plaintiffs would attribute to co-defendants (or former co-defendants) are

---

[1] There also are provisions regarding breaches of express or implied warranties, which DCo believes are not relevant here.

[2] In addition to creating the WPLA, the Tort Reform Act of 1981 contained provisions affecting joint and several liability and comparative fault principles and created a right of contribution, codified in Ch. 4.22 RCW rather than with the WPLA in Ch. 7.72 RCW.  Thus, the effective date provision is in Ch. 4.22.

**DEFENDANT DCO'S TRIAL BRIEF RE APPLICABILITY OF THE WPLA  - 2 of 8**
(NO.  2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

irrelevant to the analysis. *Fagg v. Bartells Asbestos Settlement Trust*, 184 Wn. App. 804, 814-17, 339 P.3d 207 (2014) (finding plaintiff's arguments to the contrary "untenable").

When exposure spans a prolonged time, and it appears that "substantially all" of the injury-producing events occurred prior to its effective date, the WPLA does not apply. *Krivanek v. Fibreboard Corp.*, 72 Wn. App. 632, 635, 865 P.2d 527 (1993). The converse has been adopted: The WPLA *does* apply *unless* substantially all of the claimed exposure occurred before the WPLA's effective date. *Macias v. Saberhagen Holdings, Inc.*, 175 Wn.2d 402, 408, 282 P.3d 1069 (2012); *Fagg v. Bartells Asbestos Settlement Trust*, 184 Wn. App. 804, 812-13, 339 P.3d 207 (2014). Reviewing cases from varying contexts, *Fagg* found that "substantially all" has been equated with "nearly all" or "essentially all," and not "for the most part." 184 Wn. App. at 813. In some contexts, it has been quantified, as meaning 85 percent or more. *Id.*[3]

Here, Plaintiffs allege Mr. Jack worked with automobiles, including those utilizing Victor gaskets, "for decades." Dkt. #503, Plaintiff's Motion for Partial Summary Judgment Regarding DCo LLC's Affirmative Defenses, at 2. They cite Mr. Jack's deposition testimony, which generally describes such work as beginning in 1955 and continuing until "a couple years" prior to his 2017 deposition. Dkt. 504-1, Jack Dep., at 41:9-14. They also make much of the fact that as of 2017 Mr. Jack had a set of Victor gaskets in his garage which tested positive for the presence of asbestos. Dkt. #503 at 2.[4] The report of their causation expert, Dr. Brodkin, refers to Mr. Jack performing more

---

[3] The court in *Fagg* found it unnecessary to choose between a "plain meaning" and a "quantitative" definition of "substantially all," because the outcome would be the same either way. 184 Wn. App. at 814.

[4] DCo does not concede the relevance or trustworthiness of any evidence based upon the Victor box or its contents because, among other reasons, Plaintiffs elsewhere concede that those particular gaskets were

DEFENDANT DCO'S TRIAL BRIEF RE
APPLICABILITY OF THE WPLA - 3 of 8
(NO.  2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

than 275 engine rebuilds over the course of his lifetime, and characterizes these as involving asbestos-containing materials from 1955 to 1988.  Brodkin Report, Clinical Summary at 2 (Dkt. #519- 5, p 6 of 97).  Dr. Brodkin further delineated this as Mr. Jack working on "a 'couple hundred' personal vehicles. . . as well as work on family/friends vehicles between 1955 - >2001 . . ." *id.*, Occupational History at 9 (Dkt. #519- 5, p 24 of 97), as well as some professional automotive work.  Dr. Brodkin also described this work as including some 75-100 complete rebuilds and 200 partial overhauls of engines on personal vehicles, as well as an engine rebuild about every two months during his two years working at an auto shop.  *Id.* at 15-16 (Dkt. #519- 5, p 30-31 of 97).  He reports this work as occurring between 1955 and 2001, and notes that Victor manufactured asbestos-containing gaskets until 1988 and sold some until the 1990s.  *Id.*

If one considers the span of years in which exposure is claimed to have occurred, there is no scenario by which pre-WPLA years amount to 85% or more of the exposure.  Calculating exposure only until Victor stopped manufacturing asbestos-containing gaskets, there would be 26 years prior to the WPLA (1955-1981) and 7 years (1981-1988) under it, or a 79%/21% ratio.  If one instead assumed that exposure occurred until 2001, the pre-WPLA years would be 26 of 46, or 56%.  If exposure continued, as Plaintiffs appear to claim, to as late as 2014, WPLA years actually exceed pre-WPLA.

If one instead calculated a ration by number of rebuilds performed in various time periods – and even if one weighted this calculation to account for Mr. Jack's occupational work as a mechanic, there still is no scenario by which pre-WPLA exposure can be said to

---

not used by Mr. Jack and thus could not be a source of exposure.  But they are emblematic of the broad temporal extent of Plaintiffs' exposure claims.

**DEFENDANT DCO'S TRIAL BRIEF RE APPLICABILITY OF THE WPLA  - 4 of 8**
(NO.  2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

be as much as 85% of the alleged exposure from Victor gaskets.  If Mr. Jack performed a total of 300 partial overhauls or complete rebuilds from 1955-2001 (as noted by Dr. Brodkin), he would have done 6.5 per year.  The 26 years pre-WPLA years from 1955 to 1881 would account for 169 of them.  Adding 12 more for Mr. Jack's time at Dexter Auto Rebuild (there was an overhaul about every 2 months during his 2 years there, accordingly to Dr. Brodkin's report) and 3 more while he was at Apex Towing (*id.*), totals 184, versus 45.5 for 7 WPLA years from 1981 through 1988, or an 80%/20% ratio.  Again, the non-WPLA portion only decreases if one postulates exposure after 1988.

Nor can the pre-WPLA exposure, under any of these scenarios, be fairly characterized as "essentially all" or nearly all the exposure, on a "plain meaning" interpretation.  ("[S]eventy-five percent . . . ha[s] been found not to be the equivalent of 'substantially all.'")  *Fagg, supra*, 184 Wn. App. at 813.  The WPLA applies to Plaintiffs' claims against DCo.[5]

### IV.   PRODUCT LIABILITY CLAIMS ARE ASSESSED IN RELATION TO ALTERNATIVE DESIGNS OR WARNINGS PRACTICABLE AT THE TIME THE PRODUCT WAS MADE

Regardless of whether the WPLA applies, when the jury considers whether a product is not reasonably safe because of its design, it should consider whether alternative designs or warnings were practicable at the time the product was made.  This was the express conclusion of case law developing Washington's common law of strict products liability, and has been adopted as part of the WPLA.

---

[5] There is no particular evidence to the contrary, and thus none by which a jury would be justified in coming to a contrary conclusion.  The issue thus should not be submitted to the jury as a question of fact, rather than an legal interpretation by this Court of the effective date of the WPLA, per the statute and the case law interpreting it.

DEFENDANT DCO'S TRIAL BRIEF RE
APPLICABILITY OF THE WPLA  - 5 of 8
(NO.  2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Under the WPLA, the substance of a design-defect claim is set forth in RCW 7.72.030(I)(a):

> A product is not reasonably safe as designed, if, at the time of manufacture, the likelihood that the product would cause the claimant's harm or similar harms, and the seriousness of those harms, outweighed the burden on the manufacturer to design a product that would have prevented those harms and the adverse effect that an alternative design that was practical and feasible would have on the usefulness of the product.

The language of the statute is taken from pre-WPLA case law, *Seattle-First National Bank v. Tabert*, 86 Wn.2d 145, 542 P.2d 774 (1975). *Tabert* authoritatively informs us that the WPLA's definition of design defect and consumer expectations call for an examination of the feasibility of eliminating or minimizing the risk associated with the product. *Falk v. Keene Corp.*, 113 Wn.2d 645, 782 P.2d 974 (1989). Thus, under both the WPLA and predecessor common law, feasibility of warnings and alternative or safer designs as of the time of a product's manufacture may be considered. It is not reasonable for a consumer to expect a manufacturer to provide a safer product than was technologically feasible at the time the product was made.

### V. UNDER THE WPLA, INDUSTRY CUSTOM AND PRACTICE AND COMPLIANCE WITH APPLICABLE STANDARDS MAY ALSO BE CONSIDERED

The WPLA also expressly provides that in design defect or failure to warn claims, the trier of fact may consider evidence of custom within the defendant's industry, technological feasibility of alternate designs or warnings, the state of the pertinent (scientific) art, and compliance with regulatory or industrial standards:

> Evidence of custom in the product seller's industry, technological feasibility or that the product was or was not, in compliance with nongovernmental standards or with legislative regulatory standards or administrative regulatory

DEFENDANT DCO'S TRIAL BRIEF RE APPLICABILITY OF THE WPLA  - 6 of 8
(NO.  2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

standards, whether relating to design, construction or performance of the product or to warnings or instructions as to its use may be considered by the trier of fact.

RCW 7.72.050(1).[6]

RCW 7.72.050(1) applies to design defect claims under either the "burden to design a safe product" test (RCW 7.72.030(l)(a)) or the "consumer expectations" test (RCW 7.72.030(3)). *Falk v. Keene Corp.*, 113 Wn.2d 645, 654-655, 782 P.2d 974 (1989). *See also Crittenden v. Fibreboard Corp.*, 58 Wn. App. 649, 659, 794 P.2d 554 (1990).

RESPECTFULLY SUBMITTED this 21st day of September, 2018.

GORDON THOMAS HONEYWELL LLP

By:/s/ *Diane J. Kero*
Diane J. Kero, WSBA No. 11874
dkero@gth-law.com
Michael E. Ricketts, WSBA No 9387
mricketts@gth-law.com
Attorneys for Defendant DCo, LLC

---

[6] "State-of-the-art" is "the technological feasibility of alternative safe designs in existence at the time the product was originally manufactured." *Lenhardt v. Ford Motor Co.*, 102 Wn.2d 208, 210, 683 P.2d 1097 (1984). Industry custom, on the other hand, "refers to a practice or custom regarding a particular design or manufacturing technique utilized by most manufacturers in that industry." *Id.* "These concepts are not always synonymous and, as such, involve different types of evidence." As discussed above, evidence of technological feasibility is relevant under both common law and WPLA product liability claims. Industry custom was made expressly admissible under WPLA claims..

DEFENDANT DCO'S TRIAL BRIEF RE APPLICABILITY OF THE WPLA - 7 of 8
(NO. 2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

# CERTIFICATE OF SERVICE

I hereby certify that on 21st day September, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| Attorneys for Plaintiff<br>SCHROETER GOLDMARK & BENDER<br>William Rutzick<br>Kristin Houser<br>Thomas J. Breen<br>Elizabeth McLafferty<br>SGBAsbestos@sgb-law.com<br>breen@sgb-law.com<br>houser@sgb-law.com<br>Jones@sgb-law.com<br>Farley@sgb-law.com<br>Ylitalo@sgb-law.com<br>bell@sgb-law.com<br>mclafferty@sgb-law.com<br><br>DEAN OMAR BRANHAM LLP<br>Benjamin H. Adams, *Pro Hac Vice*<br>Charles W. Branham III, *Pro Hac Vice*<br>Lisa White Shirley, *Pro Hac Vice*<br>badams@dobllp.com<br>tbranham@dobllp.com<br>DSmith-Hogan@dobllp.com<br>jjohnson@dobllp.com<br>lshirley@dobllp.com<br>tgilliland@dobllp.com | Attorneys for Borg-Warner Morse Tec LLC (Borg-Warner Corporation)<br>BENNETT BIGELOW & LEEDOM PS<br>Richard D. Ross<br>rross@bbllaw.com<br><br>DeHAY & ELLISTON, LLP<br>Gary D. Elliston<br>gelliston@dehay.com |
| --- | --- |
| Attorneys for Ford Motor Company<br>FUCILE & REISING LLP<br>Mark J. Fucile<br>Dan Reising<br>service@frllp.com<br><br>Harry S. Johnson<br>WHITEFORD TAYLOR PRESTON LLP<br>hjohnson@wtplaw.com<br>cblind@wtplaw.com | |

                                                    /s/ Karen L. Calkins
                                                  Karen L. Calkins, Legal Assistant
                                                  GORDON THOMAS HONEYWELL LLP

DEFENDANT DCO'S TRIAL BRIEF RE APPLICABILITY OF THE WPLA - 8 of 8
(NO. 2:17-cv-00537
4822-0644-1075

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575