THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK JACK and LESLIE JACK, husband and wife,

Plaintiffs,

v.

ASBESTOS CORPORATION LTD, et al.,

Defendants.

Case No. 2:17-cv-00537-JLR

**DEFENDANT UNION PACIFIC RAILROAD COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Plaintiffs base their motion for reconsideration primarily upon a grievance with the manner in which *they* presented their argument in opposition to Union Pacific's motion for summary judgment. As such, Plaintiffs failed to demonstrate "manifest error" in this Court's ruling, or provide this Court with "new facts or legal authority" as required by Local Rule 7(h).

Regarding the "take home" exposure claim, Plaintiffs simply ask this Court to reconsider the opinions of their expert, which they already submitted in opposition to Union Pacific's motion (*See e.g.* DKT 706 at pp. 13-14, 17-18, 24-25), and to consider non-binding, previously available, and unpersuasive authority which Plaintiffs did not originally provide to the Court. Accordingly, this Court should deny reconsideration of its ruling on this issue.

Regarding the bystander exposure claim, Plaintiffs disingenuously claim they "did not have cause" to include argument or evidence in their opposition on the threshold issue of exposure to asbestos for which Union Pacific is responsible. (*See* DKT 714 at 2:8). This argument

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR
RECONSIDERATION - 1
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

fails for two reasons. First, as this Court noted in its Ruling, Union Pacific based its motion, in part, upon the argument that Plaintiffs could not meet their threshold burden of establishing exposure to asbestos attributable to Union Pacific. (*See* DKT 706 at 28:15-21; *see also* DKT 476 at pp. 1:18-19, pp. 3: 4-12, pp. 4:11, pp. 15: 2-3, pp. 15: 11-12, pp. 16: 25-27; see *also* DKT 634 at Fn. 2). Second, Plaintiffs' argument ignores the fact that Plaintiffs *did* offer the testimony of Dr. Brodkin in opposition to Union Pacific's Motion on the threshold issue of exposure. (*See* DKT 611 at pp. 3:9-12, 4:13-21). To the extent Plaintiffs, in hindsight, believe they should have more fully emphasized areas of Dr. Brodkin's opinions or presented the opinions differently in their opposition papers, Union Pacific submits this is not a basis for reconsideration.

Moreover, the Court properly ruled that Plaintiffs' evidence was too speculative. The Court ruled that Plaintiffs' evidence (*even considering Dr. Brodkin's opinions*) does not establish a "reasonable connection" between Mr. Jack's injury and Union Pacific. Plaintiffs failed to offer any reason, let alone any legitimate reason, for the Court's reconsideration of this issue.

Plaintiffs' also claim they are entitled to further briefing and/or a hearing on the Court's *Daubert* analysis of Dr. Brodkin's opinions. However, as detailed herein, the Court properly analyzed Dr. Brodkin's opinions, and the clear weight of 9th Circuit authority does not support Plaintiffs' position. Moreover, given the basis for granting Union Pacific's summary judgment motion (no evidence of exposure), there is no need for further briefing and/or a hearing.

Finally, Plaintiffs "dumped" approximately 400 pages of previously undisclosed documents in support of their motion for reconsideration. Plaintiffs offered no explanation as to why these documents were not disclosed during fact discovery and no reason as to why they failed to provide a majority of these documents to their expert before the close of expert discovery. While Union Pacific expressly disputes the admissibility of these documents, it is clear that even if this Court were to consider them, which it should not do under the circumstances, Plaintiffs could still not establish their requisite threshold fact that Mr. Jack was exposed to Union Pacific-attributable asbestos beyond speculation.

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR RECONSIDERATION - 2
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## II. LEGAL ARGUMENT

### A. The Court Should Deny Plaintiffs' Motion for Reconsideration

Local Rule 7(h) sets forth in relevant part:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

A district Court should only grant a motion for reconsideration in "highly unusual circumstances." *Kona Entp., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is an 'extraordinary remedy,' to be used sparingly in the interests of finality and conservation of judicial resources." *Id.* The Western District Court of Washington consistently denies motions for reconsideration based on arguments that *should have* or *reasonably could have* been raised earlier:

> Where summary judgment has been entered, "'after thoughts' or 'shifting of ground' are not an appropriate basis for reconsideration." *Fay Corp. v. Bat Holdings I, Inc.*, 651 F.Supp. 307, 309 (W.D.Wash.1987). The Ninth Circuit has been consistent in affirming denials of reconsideration where the moving party failed to raise arguments or facts **available to him or her prior to the entry of summary judgment.** *Rosenfeld v. U.S. Department of Justice*, 57 F.3d 803, 811 (9th Cir.1995) (no abuse of discretion in declining to consider an argument "raised for the first time on reconsideration without a good excuse"); *see also, Hopkins v. Andaya*, 958 F.2d 881, 887 n. 5 (9th Cir. 1992) ("A defeated litigant cannot set aside judgment because he failed to present on a motion for summary judgment all the facts known to him that might have been useful to the court.").

*Northwestern Mut. Life Ins. Co. v. Koch* (W.D. Wash., Nov. 2, 2009) 2009 WL 3674526, at *1 [**emphasis** added.]. "Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple." *Trade Assoc. Inc. v. Fusion Tech. Inc.* (W.D. Wash. 2011, No. C09-5804 RJB) 2011 WL 13195953, at *1. This Court has also previously explained that a litigant may not use a motion for reconsideration to cure its failure to raise a reasonably foreseeable issue in opposition to a motion. *See A. H. Lundberg Associates, Inc. v. TSI, Inc.* (W.D. Wash.2016) 2016 WL 4072736, at *2.

### 1. Take Home Exposure Claim

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR RECONSIDERATION - 3
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

In granting Union Pacific summary judgment on Plaintiffs' take home exposure claim, this Court considered the expert report of Dr. Castleman. (*See e.g.* DKT 706 at pp. 17-18). The Court also considered Dr. Castleman's deposition testimony. (*See e.g.* DKT 706 at pp. 13-14, 24-25). As such, Plaintiffs' motion is nothing more than a request that the Court take a "second look" at this evidence. Respectfully, this is not a basis for reconsideration.

Furthermore, Plaintiffs failed to explain why their opposition did not include a discussion of the non-binding case law upon which they now seek to rely. Indeed, both decisions were available to Plaintiffs before they filed their response to Union Pacific's motion.[1] It is clear, Plaintiffs only take issue with their own presentation of their opposition. Based on the governing principles set forth above, this Court should deny Plaintiffs' motion as to this issue.

2.  <u>Bystander Exposure Claim</u>

Plaintiffs argue that they "did not have cause" to proffer evidence on the threshold issue of whether Mr. Jack was exposed to asbestos for which Union Pacific is responsible. (*See* DKT 714 at 2:8). This argument is disingenuous. It is axiomatic that Plaintiffs in asbestos-related injury cases must prove exposure as a "threshold" or "elementary" issue.[2] Indeed, Union Pacific's first filing[3] in this case states, "Patrick Jack was not exposed to asbestos materials through any act or omission of Union Pacific." (DKT 157 at pp. 14). Moreover, as this Court noted in ruling on Union Pacific's motion:

---

[1] Both cases are also factually distinguishable. *Kesner* involved exposure allegations in the 1970s (whereas here the exposure allegations occurred in the 1940s and 1950s), and *Olivio* involved a spouse, rather than a child. Moreover, there was undisputed evidence in the *Olivio* case that the defendant at issue, Exxon Mobil, knew of the hazards of asbestos during the plaintiff's alleged exposure period. There is no such evidence in this case.

[2] *See e.g. Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457 at Fn. 5 (9th Cir. 2014); *McGonnell v. Kaiser Gypsum Company, Inc., et al.*, 98 Cal.App.4th 1098, 1103 (2002); *see also Menne v. Celotex Corp.*, 861 F.2d 1453, 1461–62 (10th Cir. 1988) (stating, "As a threshold matter, the trial court instructed the jury that [plaintiff] had to prove his exposure to defendants' products; without proof of actual exposure, there could be no proximate cause. The fact that [plaintiff] merely worked at a job site where defendants' asbestos products were used was insufficient to establish actual exposure; *see also Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1485 (11th Cir.1985)

[3] *See* DKT 476 at 9:7-8 stating, "This motion is based on the…pleadings and papers on file in this matter."

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR
RECONSIDERATION - 4
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

> *Union Pacific both disputes that Plaintiffs can show that Mr. Jack was actually exposed to asbestos on Union Pacific premises* and maintains that "Plaintiffs cannot establish that this alleged exposure was a substantial contributing factor to his disease."

DKT 706 at pp. 28: 15-21 [*emphasis* added].

Union Pacific has never "conceded" that Mr. Jack was exposed to Union Pacific-attributable asbestos. (*See* DKT 476 at pp. 1:18-19, pp. 3: 4-12, pp. 4:11, pp. 15: 2-3 **[stating, "To that effect, there is no evidence proving his father actually worked with asbestos containing products as part of his regular job duties."]**, pp. 15: 11-12 **[stating, "Plaintiffs' responses to Union Pacific's discovery similarly do not provide evidence to support Union Pacific exposed Mr. Jack to asbestos."]**, pp. 16: 25-27 **[stating, "there is no admissible evidence in this case that Mr. Jack's father worked with/around asbestos while employed by Union Pacific."]**; *see also* DKT 634 at Fn. 2 **[stating, "Union Pacific disputes that Plaintiffs can establish foundational facts to prove that any asbestos-containing products/materials were present at the Decedent's father's place of employment."]**). As such, Plaintiffs' claim that they somehow "did not have cause" to present evidence on the issue of exposure is without merit.

More importantly, Plaintiffs' position is disingenuous because Plaintiffs *did* address this issue. See DKT. 611 at p. 3:9-12 [stating, "Union Pacific ignores that "asbestos plaintiffs in Washington may establish exposure to a defendant's products through circumstantial evidence."]. Furthermore, Plaintiffs advanced the very same evidence in response to Union Pacific's motion, which they now claim to offer for the first time in this motion for reconsideration. (*See* DKT 611 at pp. 4:13-21 [stating,"Dr. Brodkin opined…that Mr. Jack's mesothelioma and death was causally related to his…bystander and indirect exposure…"]; *see also* Id. at 18-21 [citing to Dr. Brodkin's report and reliance materials, and stating, "[Dr. Brodkin] explained that high asbestos content, such as in gaskets and insulation that Mr. Jack was exposed to at Union Pacific, is associated with significant asbestos exposure."]; *accord* DKT 714 at 4:4-12). To the extent Plaintiffs' counsel feels it could have addressed this issue more fully, such a position is not

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR RECONSIDERATION - 5
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

grounds for reconsideration.

This Court has considered all of Plaintiffs' evidence on this issue and has not been presented with any new facts or law. Accordingly, this Court should deny Plaintiffs' motion.

**B.     The Court Properly Ruled that Dr. Brodkin's Opinion Was Too Speculative**

The reason this Court granted summary judgment in favor of Union Pacific was because Plaintiffs "fail to satisfy *Lockwood's* requirement that they establish a "reasonable connection" between Mr. Jack's injury and Union Pacific's conduct." *Id.* at 30:6-10). In making this finding, the Court *did not exclude the opinion* of Dr. Brodkin. Rather, the Court *considered the opinion* and found that Dr. Brodkin's opinion was too speculative to support Plaintiffs' claims. The Court set forth the following governing principles:

> When the expert opinion is not supported by sufficient facts to validate it in the eyes of the law or when indisputable record facts contradict or otherwise render the opinion unreasonable," summary judgment is appropriate. *Rebel Oil Co., Inc. v. Atlantic Richfield Co., 51 F.3d 1421*, 1440 (9th Cir. 1995) (quoting *Brook Grp. Ltd v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).

DKT 706 at 21:19 through 22:2.

In applying those principles, this Court granted Union Pacific's summary judgment motion holding that Plaintiffs' evidence was unlike the evidence in *Lockwood v. AC & S, Inc.*, 744 P.2d 605, 612 (Wash. 1987) (where there was eyewitness testimony supporting the exposure allegation), *Allen v. Asbestos Corp., Ltd.*, 157 P.3d 406, 410 (Wash. Ct. App. 2011) (where there were sales records supporting the exposure allegation), and *O'Brien v. Nat'l Gypsum Co.*, 944 F.2d 69, 71 (2d Cir. 1991) (where there was testimony about the alleged working conditions). *See* DKT. 706 at p. 30.

It is clear that Plaintiffs cannot establish a "reasonable connection" between Mr. Jack's injury and Union Pacific. Instead, Plaintiffs attack the Court's analysis in Footnote 18 in a manner calculated only to induce the Court to second guess itself. Plaintiffs' case is based only upon a speculative theory that because Mr. Jack's father worked for Union Pacific, Mr. Jack must have been exposed to asbestos. The Court properly ruled that such a speculative case should not be

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR
RECONSIDERATION - 6
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

submitted to the jury.[4] Therefore, this Court should deny Plaintiffs' motion

### C. The Court is Not Required to Provide Plaintiffs An Opportunity to Respond to the Court's Analysis of Dr. Brodkin's Testimony Pursuant to FRE 702

The 9th Circuit recently vacated a multi-million dollar verdict in an asbestos case on the grounds that a Washington District Court failed to exercise its gatekeeping responsibility pursuant to *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). *See generally Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 471 (9th Cir. 2014). As such, this Court had discretion, if not was *required,* to analyze Dr. Brodkin's opinions pursuant to *Daubert* and its progeny. *See* Id.

Furthermore, the 9th Circuit is clear that a district court may raise a *Daubert* issue *sua sponte* and does not need to provide any type of specific "process" for its analysis:

> No "hearing" is necessary, and the court has discretion to conduct whatever procedures are necessary to investigate the reliability of opinion testimony. The court has discretion to make the *Daubert* determination via any procedure that gives it an adequate record.

*Kumar v. Williams Portfolio 7, Inc.* (W.D. Wash., July 23, 2015, No. C14-657RAJ) 2015 WL 4494126, at *2; *see also Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457; *see also U.S. v. Jawara* (9th Cir. 2007) 474 F.3d 565, 582–583.; *see also Kirstein v. Parks Corp.*, 159 F.3d 1065, 1069 (7th Cir. 1998) [on which this Court relied, and which is directly in line with the 9th Circuit decisions cited herein.]

Here, the Court had <u>the entirety of Dr. Brodkin's opinions</u> before ruling on Union Pacific's motion and, as a result, the Court set forth a clear and adequate record detailing its analysis. (*See* DKT 611 at pp. 3-4; *accord* DKT 706 at 6:21-7:11, 29:6-13). In fact, Plaintiffs' motion for reconsideration makes clear that Dr. Brodkin's ultimate opinion is that asbestos was used "generally" in the railroad industry. (*See* DKT 714 at 3:7-12). The Court obviously understood

---

[4] "A claim of liability resting only on a speculative theory will not survive summary judgment." *Marshall v. Bally's Pacwest, Inc.* (Wash. Ct. App. 1999) 94 Wash.App. 372; *see also United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) (stating "The evidence adduced by [Plaintiff] establishes only that this set of events could conceivably have occurred; it does not give rise to a reasonable inference that it did in fact occur. To find this evidence would require undue speculation. To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR RECONSIDERATION - 7
CASE NO. 2:17-CV-00537-JLR

Dr. Brodkin's opinion. (*See* DKT 706 at 29:6-13, 6:21-7:11 [explaining Dr. Brodkin's opinions and the basis for his opinions]). Accordingly, the Court had the authority and discretion to perform a *Daubert* analysis. Moreover, the Court was not required to provide any hearing or opportunity to address this issue because (1) Plaintiffs should have and/or did address the issue, and (2) because the Court had all of Dr. Brodkin's opinions (and the reasons for those opinions) before it.

Finally, none of the case law upon which Plaintiffs rely supports their argument. First, the majority of these cases are not from the Ninth Circuit, and therefore not binding. Of the cases that are from the Ninth Circuit, the cases are clearly distinguishable. For example, in *Bulthuis v. Rexall* Corp. 789 F.2d 1315 (9th Cir. 1985), the district Court excluded the experts' opinions because their reports lacked sufficient detail. The 9th Circuit held that the court should have inquired for more detail. Here, the Court did not find that Dr. Brodkin's report lacked sufficient detail; rather, the Court held that Plaintiffs' evidence was not sufficient to support Dr. Brodkin's opinion. Similarly, the facts of *Jerden v. Amstuz*, 430 F.3d 1231, 1237 (9th Cir. 2005) are not persuasive. *Jerden* involved a motion to strike an expert's testimony because the Plaintiffs' attorney failed to ask a basic foundational question—whether the expert was familiar with the Defendant's community standards in a medical malpractice case— during a trial examination. Unlike in *Jerden,* this Court has reviewed *all* of Dr. Brodkin's opinions and the reasons therefore.

It is clear from the foregoing authorities, that the Plaintiffs are not entitled to any further briefing on this issue. The Court should deny Plaintiffs' motion.

**D. Even if this Court were to Reconsider its Ruling, Plaintiffs Still Could Not Establish a "Reasonable Connection" Between Mr. Jack's injury and Union Pacific's Conduct**

As detailed above, the basis for the Court's order granting summary judgment was that Plaintiffs "fail to satisfy *Lockwood's* requirement that they establish a "reasonable connection" between Mr. Jack's injury and Union Pacific's conduct." *Id.* at 30:6-10. Nothing in Plaintiffs' motion for reconsideration changes this outcome. Indeed, Plaintiffs' motion indicates that the materials on which Dr. Brodkin relied are what supported his opinions. (*See* DKT 714 at 3: 5-

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR RECONSIDERATION - 8
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

12). This Court has already reviewed Dr. Brodkin's opinions and his reliance materials and held that they are too speculative and unreliable given the nature of Plaintiffs' evidence.

Furthermore, Plaintiffs attached approximately 400 pages of documents to their motion. (*See* DKT 715-1). Union Pacific notes that all of these documents are inadmissible for numerous reasons, including but not limited to the fact that none of the exhibits were identified in *any* pre-trial discovery responses or initial disclosures.[5] Furthermore, Plaintiffs never provided Exhibits H through O to DKT 715 to Dr. Brodkin during the pendency of expert discovery; therefore, the Court should not consider any of these documents.[6] Plaintiffs' failed to offer any reason for the delay in their disclosure of these documents, or their failure to provide these documents to their own expert, and this Court should not countenance Plaintiffs' last minute document dump.

Moreover, ***none*** of these documents relate to Mr. Jack, or to Mr. Jack's father's work for Union Pacific in/around the Seattle area in the 1940s and 1950s. As such, it remains clear that, even if this Court were to consider the late disclosed documents, Plaintiffs cannot establish their case against Union Pacific without speculation upon speculation and inference upon inference.

---

[5] *See* the Declaration of Ryan T. Moore filed concurrently herewith, which attaches all relevant discovery responses. Plaintiffs' failure to disclose this information makes the documents inadmissible pursuant to FRCP 37(c). *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)[stating "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed."].

[6] To the extent this Court finds any of these previously undisclosed documents are probative, Union Pacific requests an opportunity to fully brief the inadmissibility of all of these documents.

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR
RECONSIDERATION - 9
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

## CONCLUSION

For all of the foregoing reasons, Union Pacific respectfully requests that this Court deny Plaintiffs' motion for reconsideration.[7]

DATED this 27th day of September 2018.

LANE POWELL PC

By: /s/ Tim D. Wackerbarth
Tim D. Wackerbarth, WSBA No. 13673
wackerbartht@lanepowell.com
Jeffrey M. Odom, WSBA No. 36168
odomj@lanepowell.com
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com

*AND*

BERKES CRANE ROBINSON & SEAL

By: /s/ Ryan T. Moore
Robert H. Berkes, *Admitted Pro Hac Vice*
rberkes@bcrslaw.com
Viiu Spangler Khare, *Admitted Pro Hac Vice*
vspanglerkhare@bcrslaw.com
Ryan T. Moore, *Admitted Pro Hac Vice*
rmoore@bcrslaw.com

Attorneys for Defendant Union Pacific Railroad Company

---

[7] In the event that this Court finds that Plaintiffs *can* establish a triable issue of fact on the issue of exposure, Union Pacific respectfully requests this Court enter summary judgment in favor of Union Pacific on the grounds that Plaintiffs cannot establish that Mr. Jack's alleged exposures to Union Pacific attributable-asbestos was a "substantial contributing factor" to his alleged disease. *See e.g.* DKT 476 at § V.B.

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR
RECONSIDERATION - 10
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

Pursuant to RCW 9A.72.085, the undersigned certifies under penalty of perjury under the laws of the State of Washington, that on the 27th day of September 2018, the document attached hereto was presented to the Clerk of the Court for filing and uploading to the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to all counsel of record in this matter.

DATED this 27th day of September 2018.

*/s/ Sabrina Mitchell*
Sabrina Mitchell

DEF UPRC'S OPPOSITION TO PLTFS' MOTION FOR
RECONSIDERATION - 11
CASE NO. 2:17-CV-00537-JLR

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107