1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

PATRICK JACK, et al.,

CASE NO. C17-0537JLR

11

Plaintiffs,

FINAL JURY INSTRUCTIONS

v.

12
13

ASBESTOS CORPORATION LTD,

14

Defendants.

15
16

Dated this 11 day of October, 2018.

17
18

JAMES L. ROBART
United States District Judge

19
20
21
22

JURY INSTRUCTION NO. 1

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, profession, occupation, economic circumstances, or position in life or in the community.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

1

## JURY INSTRUCTION NO. 2

2        When a party has the burden of proving any claim by a preponderance of the

3 evidence, it means you must be persuaded by the evidence that the claim is more

4 probably true than not true.

5        You should base your decision on all of the evidence, regardless of which party

6 presented it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

## JURY INSTRUCTION NO. 3

2     All parties are equal before the law and a corporation is entitled to the same fair

3  and conscientious consideration by you as any party.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

## JURY INSTRUCTION NO. 4

2        Under the law, a corporation is considered to be a person.  It can only act through

3   its employees, agents, directors, or officers.  Therefore, a corporation is responsible for

4   the act of its employees, agents, directors, and officers performed within the scope of

5   authority.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 5

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

1

JURY INSTRUCTION NO. 6

2     The evidence you are to consider in deciding what the facts are consists of:

3     (1) the sworn testimony of any witness;

4     (2) the exhibits that are admitted into evidence;

5     (3) any facts to which the lawyers have agreed; and

6     (4) any facts that I may instruct you to accept as proved.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 7

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.

I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.  In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

1     (4)    Anything you may have seen or heard when the court was not in session is

2            not evidence.  You are to decide the case solely on the evidence received at

3            the trial.

1                              JURY INSTRUCTION NO. 8

2              Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact,

3      such as testimony by a witness about what that witness personally saw or heard or did.

4      Circumstantial evidence is proof of one or more facts from which you could find another

5      fact.  You should consider both kinds of evidence.  The law makes no distinction between

6      the weight to be given to either direct or circumstantial evidence.  It is for you to decide

7      how much weight to give to any evidence.

8              By way of example, if you wake up in the morning and see that the sidewalk is

9      wet, you may find from that fact that it rained during the night.  However, other evidence,

10     such as a turned-on garden hose, may provide a different explanation for the presence of

11     water on the sidewalk.  Therefore, before you decide that a fact has been proved by

12     circumstantial evidence, you must consider all the evidence in the light of reason,

13     experience, and common sense.

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 9

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. You have seen this happen at trial. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, and the exhibit was not received. Whenever I sustained an objection to a question, you were to ignore the question and not guess what the answer might have been.

If I ordered that evidence be stricken from the record, then you must disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

JURY INSTRUCTION NO. 10

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)   the opportunity and ability of the witness to see or hear or know the things testified to;

(2)   the witness's memory;

(3)   the witness's manner while testifying;

(4)   the witness's interest in the outcome of the case, if any;

(5)   the witness's bias or prejudice, if any;

(6)   whether other evidence contradicted the witness's testimony;

(7)   the reasonableness of the witness's testimony in light of all the evidence; and

(8)   any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

FINAL JURY INSTRUCTIONS - 12

1      However, if you decide that a witness has deliberately testified untruthfully about

2   something important, you may choose not to believe anything that witness said.  On the

3   other hand, if you think the witness testified untruthfully about some things but told the

4   truth about others, you may accept the part you think is true and ignore the rest.

5      The weight of the evidence as to a fact does not necessarily depend on the number

6   of witnesses who testify.  What is important is how believable the witnesses were, and

7   how much weight you think their testimony deserves.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 11

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unable to testify at trial, the deposition of that person may be used at the trial.

Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

1

JURY INSTRUCTION NO. 12

2       During this trial, you have heard testimony from several witnesses who have

3 testified to opinions and the reasons for their opinions. This opinion testimony is

4 allowed, because of the education or experience of these witnesses.

5       Such opinion testimony should be judged like any other testimony. You may

6 accept it or reject it, and give it as much weight as you think it deserves, considering the

7 witness's education and experience, the reasons given for the opinion, and all the other

8 evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 13

2    Evidence was presented to you in the form of answers of one of the parties to

3    written interrogatories submitted by the other side.  These answers were given in writing

4    and under oath before the trial in response to questions that were submitted under

5    established court procedures.  You should consider the answers, insofar as possible, in the

6    same way as if they were made from the witness stand.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 14

2        Certain charts and summaries not admitted into evidence have been shown to you

3  in order to help explain the contents of books, records, documents, or other evidence in

4  the case. Charts and summaries are only as good as the underlying evidence that supports

5  them. You should, therefore, give them only such weight as you think the underlying

6  evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

## JURY INSTRUCTION NO. 15

2     Certain charts and summaries have been admitted into evidence to illustrate

3   information brought out in the trial.  Charts and summaries are only as good as the

4   testimony or other admitted evidence that supports them.  You should, therefore, give

5   them only such weight as you think the underlying evidence deserves.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 16

2       Defendant DCo, LLC (also known as Dana Companies, LLC and Victor)

3   manufactured automobile gaskets.

4       Defendant Ford Motor Company manufactured automobiles and sold automobile

5   brakes, automobile clutches, and automobile gaskets.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 17

2   Plaintiffs bring claims of negligence.  Negligence is the failure to exercise

3 ordinary care.  It is the doing of some act that a reasonably careful person would not do

4 under the same or similar circumstances or the failure to do some act that a reasonably

5 careful person would have done under the same or similar circumstances.

6   Ordinary care means the care a reasonably careful person would exercise under the

7 same or similar circumstances.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1        JURY INSTRUCTION NO. 18

2        This instruction applies to Plaintiffs' negligence claims.

3        Plaintiffs have the burden of proving by a preponderance of the evidence each of

4    the following propositions:

5        (1) That one or more of the Defendants acted, or failed to act, in one of the ways

6            claimed by Plaintiffs and that in so acting, or failing to act, one or more the

7            Defendants was negligent;

8        (2) That Mr. Jack was injured; and

9        (3) That the negligence of one or more of the Defendants was a proximate cause of

10           the injury to Mr. Jack.

11       If you find from your consideration of all the evidence that Plaintiffs have proved

12   each of these propositions against one or more of the Defendants, your verdict should be

13   for Plaintiffs and against that Defendant or those Defendants on this claim.  On the other

14   hand, if you find that Plaintiffs have failed to prove any of these propositions against one

15   or more of the Defendants, then your verdict should be for that Defendant or those

16   Defendants on this claim.

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 19

2   With respect to all of Plaintiffs' claims, the term "proximate cause" means a cause

3 that was a substantial factor in bringing about the injury, even if the result would have

4 occurred without it.  A "substantial factor" is an important or material factor and not one

5 that is insignificant.

6   There may be one or more proximate causes of an injury.  If you find that two or

7 more causes have combined to bring about an injury, each cause is considered to be a

8 proximate cause of the injury if it is a substantial factor in bringing about the injury.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1

## JURY INSTRUCTION NO. 20

2       This instruction applies to Plaintiffs' negligence claims.

3       A manufacturer of products is under a duty to use ordinary care to test, analyze,

4 and inspect the products it manufactures, and is charged with knowing what such tests

5 should have revealed.  A manufacturer has a duty to use reasonable care to keep abreast

6 of scientific knowledge, discoveries, advances, and research in the field, and is presumed

7 to know what that information reveals.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

JURY INSTRUCTION NO. 21

This instruction applies to Plaintiffs' negligence claims.

When a product manufacturer learns, or when a reasonably prudent manufacturer should have learned, about a danger connected with the product after it was manufactured, it has a continuing duty to warn of that danger. In such a case, the manufacturer is under a duty to act with regard to issuing warnings or instructions concerning the danger in the manner that a reasonably prudent manufacturer would act in the same or similar circumstances. This duty is satisfied if the manufacturer exercises reasonable care to inform product users.

1    JURY INSTRUCTION NO. 22

2        This instruction applies to Plaintiffs' negligence claims.

3        In determining whether a Defendant breached its duty of care, you may consider

4    the state of knowledge at the time the manufacturer marketed the products, including

5    those things that were generally known to the medical and scientific community, about a

6    particular subject and product, at a given point in time.

7        You may also consider evidence of custom in the product seller's industry;

8    technological feasibility; or the product's compliance or noncompliance with

9    nongovernmental standards, legislative regulatory standards, or administrative regulatory

10    standards, whether the standards relate to design, construction, or performance of the

11    product, or to warnings or instructions as to its use.

12

13

14

15

16

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 23

2

This instruction applies to Plaintiffs' product liability design defect claims.

3 A manufacturer or seller has a duty to design products that are reasonably safe as

4 designed at the time the products left the manufacturer's control.

5 A product is not reasonably safe as designed if the product is unsafe to an extent

6 beyond what would be contemplated by the ordinary user.  In determining what an

7 ordinary user would reasonably expect, you should consider the following:

8 • the seriousness of the potential harm from the claimed defect;

9 • the cost and feasibility of eliminating or minimizing the risk; and

10 • such other factors as the nature of the product and the claimed defect indicate are

11 appropriate.

12 A product can be "not reasonably safe" even though the risk that it would cause

13 the plaintiff's harm or similar harms was not foreseeable by the manufacturer at the time

14 the product left the manufacturer's control.

15 If you find that the product was not reasonably safe as designed at the time it left

16 the manufacturer's control and this was a proximate cause of the plaintiff's injury, then

17 the manufacturer is subject to liability.

18

19

20

21

22

1                       JURY INSTRUCTION NO. 24

2       This instruction applies to Plaintiffs' product liability design defect claims.

3       Plaintiffs have the burden of proving by a preponderance of the evidence each of

4 the following propositions:

5     (1) First, that one or more of the Defendants supplied a product that was not

6         reasonably safe as designed at the time the product left the control of the

7         Defendant(s);

8     (2) Second, that Mr. Jack was injured; and

9     (3) Third, that the unsafe condition of the product was a proximate cause of Mr.

10        Jack's injury.

11       If you find from your consideration of all the evidence that Plaintiffs have proved

12 each of these propositions against one or more of the Defendants, then your verdict

13 should be for the Plaintiffs against that Defendant or those Defendants on this claim.  On

14 the other hand, if you find that Plaintiffs have failed to prove any of these propositions as

15 to one or more of the Defendants, then your verdict should be for that Defendant or those

16 Defendants on this claim.

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 25

2     This instruction applies to Plaintiffs' product liability failure-to-warn claims.

3     A manufacturer or seller has a duty to warn of any condition that renders a product

4  not reasonably safe for a foreseeable use.  There is, however, no duty to warn of obvious

5  or known dangers.

6     When a warning is required, it must be adequate so that, if followed, the product

7  would be reasonably safe for use.  The warning must be appropriate in view of the

8  seriousness of any danger involved to reasonably advise of the consequences of improper

9  use.  Such a warning must be in a form that reasonably could be expected to catch the

10  attention of, and to be understood by, the ordinary user.

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 26

2        This instruction applies to Plaintiffs' product liability failure-to-warn claims.

3        Plaintiffs have the burden of proving by a preponderance of the evidence each of

4    the following propositions:

5        (1) That one or more of the Defendants supplied a product that was not reasonably

6          safe because adequate warnings or instructions were not provided with the

7          product;

8        (2) That Mr. Jack was injured; and

9        (3) That the unsafe condition of the product of one or more of the Defendants was a

10         proximate cause of Mr. Jack's injuries.

11       If you find from your consideration of all the evidence that Plaintiffs have proved

12   each of these propositions against one or more of the Defendants, then your verdict

13   should be for the Plaintiffs against that Defendant or those Defendants on this claim.  On

14   the other hand, if you find that Plaintiffs have failed to prove any of these propositions as

15   to one or more of the Defendants, then your verdict should be for that Defendant or those

16   Defendants on this claim.

17

18

19

20

21

22

1          JURY INSTRUCTION NO. 27

2          This instruction applies to Plaintiffs' product liability design defect claims and

3     product liability failure-to-warn claims (collectively, "product liability claims").

4          On July 26, 1981, Washington's product liability law changed.  If you determine

5     that Mr. Jack was exposed to asbestos-containing products manufactured by one or both

6     Defendants, then you must determine whether "substantially all" of his exposures to each

7     Defendant's products occurred before July 26, 1981.  Some courts have indicated that

8     "substantially all" may mean 85 percent or more.

9          Unless you find that "substantially all" of Mr. Jack's exposure to a Defendant's

10    asbestos-containing products occurred before July 26, 1981, then with respect to

11    Plaintiffs' product liability claims against that particular Defendant, you may consider the

12    following:  evidence of custom in the product seller's industry; technological feasibility;

13    or the product's compliance or noncompliance with nongovernmental standards,

14    legislative regulatory standards, or administrative regulatory standards, whether the

15    standards relate to design, construction, or performance of the product, or to warnings or

16    instructions as to its use.

17

18

19

20

21

22

1

JURY INSTRUCTION NO. 28

2      I will now instruct you about damages. It is the duty of the court to instruct you

3  about the measure of damages. By instructing you on damages, the court does not mean

4  to suggest for which party your verdict should be rendered.

5      If you find for Plaintiffs on any or all of their claims, you must determine

6  Plaintiffs' damages. Plaintiffs have the burden of proving damages by a preponderance

7  of the evidence. Damages means the amount of money that will reasonably and fairly

8  compensate Plaintiffs for any injury you find was caused by one or more of the

9  Defendants. If you find for Plaintiffs, you should consider the following elements:

10  (1) For the estate of Patrick Jack:

11      • The nature and extent of Mr. Jack's injuries;

12      • The disability and loss of enjoyment of life experienced by Mr. Jack during

13        his lifetime;

14      • The pain, suffering, anxiety, emotional distress, humiliation, and fear

15        experienced by Mr. Jack prior to his death as a result of mesothelioma;

16  (2) For David Jack:

17      • Loss to David Jack in the way of Mr. Jack's love, care, companionship, and

18        guidance; and

19  (3) For Leslie Jack:

20      • Loss to Ms. Jack of the consortium of her husband after his death.

21      The term "consortium" means the fellowship of husband and wife and the right of

22  one spouse to the company, cooperation, and aid of the other in the matrimonial

FINAL JURY INSTRUCTIONS - 31

1 relationship.  It includes emotional support, love, affection, care, services,

2 companionship, including sexual companionship, as well as assistance from one spouse

3 to the other.

4      The law has not furnished us with any fixed standards by which to measure

5 noneconomic damages.  With reference to these matters, you must be governed by your

6 own judgment, by the evidence in the case, and by these instructions.

7      It is for you to determine what damages, if any, Plaintiffs have proved.  Your

8 award must be based upon evidence and not upon speculation, guesswork, or conjecture.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1                      JURY INSTRUCTION NO. 29

2        Mr. Jack was 81 years old at the time of his death.  According to mortality tables,

3 the average expectancy of life of a man aged 81 years is 6.78 more years.  This one factor

4 is not controlling as to life expectancy, but should be considered in connection with all

5 the other evidence bearing on the same question, such as evidence pertaining to the health

6 habits and activity of the person whose life expectancy is in question.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1          JURY INSTRUCTION NO. 30

2          You have heard testimony about manufacturers and sellers of asbestos-containing

3     products which are not parties to this trial.  If you find for Plaintiffs, you are to award

4     Plaintiffs their full damages, and you are not to speculate as to the method or effect, if

5     any, of allocation of responsibility among Defendants and other manufacturers or sellers

6     not parties to this trial.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1                                         JURY INSTRUCTION NO. 31

2          Some of you have taken notes during trial. Whether or not you took notes, you

3 should rely on your own memory of the evidence. Notes are only to assist your memory.

4 You should not be overly influenced by your notes or those of other jurors.

5          When you leave, your notes should be left in the jury room. No one will read your

6 notes.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

1    JURY INSTRUCTION NO. 32

2    Before you begin your deliberations, elect one member of the jury as your

3    presiding juror.  The presiding juror will preside over the deliberations and serve as the

4    spokesperson for the jury in court.

5    You shall diligently strive to reach agreement with all of the other jurors if you

6    can do so.  Your verdict must be unanimous.

7    Each of you must decide the case for yourself, but you should do so only after you

8    have considered all of the evidence, discussed it fully with the other jurors, and listened

9    to their views.

10    It is important that you attempt to reach a unanimous verdict but, of course, only if

11    each of you can do so after having made your own conscientious decision.  Do not be

12    unwilling to change your opinion if the discussion persuades you that you should.  But do

13    not come to a decision simply because other jurors think it is right, or change an honest

14    belief about the weight and effect of the evidence simply to reach a verdict.

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 36

1          JURY INSTRUCTION NO. 33

2          Because you must base your verdict only on the evidence received in the case and

3    on these instructions, I remind you that you must not be exposed to any other information

4    about the case or to the issues it involves.  Except for discussing the case with your

5    fellow jurors during your deliberations:

6          Do not communicate with anyone in any way and do not let anyone else

7          communicate with you in any way about the merits of the case or anything

8          to do with it. This includes discussing the case in person, in writing, by phone

9          or electronic means, via email, via text messaging, or any internet chat room,

10         blog, website or application, including but not limited to Facebook,

11         YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of

12         social media.  This applies to communicating with your family members,

13         your employer, the media or press, and the people involved in the trial.  If

14         you are asked or approached in any way about your jury service or anything

15         about this case, you must respond that you have been ordered not to discuss

16         the matter and to report the contact to the court.

17         Do not read, watch, or listen to any news or media accounts or commentary

18         about the case or anything to do with it, although I have no information that

19         there will be news reports about this case; do not do any research, such as

20         consulting dictionaries, searching the Internet, or using other reference

21         materials; and do not make any investigation or in any other way try to learn

22         about the case on your own.  Do not visit or view any place discussed in this

1    case, and do not use Internet programs or other devices to search for or view

2    any place discussed during the trial. Also, do not do any research about this

3    case, the law, or the people involved—including the parties, the witnesses,

4    or the lawyers—until you have been excused as jurors. If you happen to read

5    or hear anything touching on this case in the media, turn away and report it

6    to me as soon as possible.

7    These rules protect each party's right to have this case decided only on evidence

8    that has been presented here in court. Witnesses here in court take an oath to tell the

9    truth, and the accuracy of their testimony is tested through the trial process. If you do

10   any research or investigation outside the courtroom, or gain any information through

11   improper communications, then your verdict may be influenced by inaccurate,

12   incomplete, or misleading information that has not been tested by the trial process. Each

13   of the parties is entitled to a fair trial by an impartial jury, and if you decide the case

14   based on information not presented in court, you will have denied the parties a fair trial.

15   Remember, you have taken an oath to follow the rules, and it is very important that you

16   follow these rules.

17   A juror who violates these restrictions jeopardizes the fairness of these

18   proceedings, and a mistrial could result that would require the entire trial process to start

19   over. If any juror is exposed to any outside information, please notify the court

20   immediately.

21

22

1    JURY INSTRUCTION NO. 34

2        If it becomes necessary during your deliberations to communicate with me, you

3    may send a note through the courtroom deputy, signed by any one or more of you. No

4    member of the jury should ever attempt to communicate with me except by a signed

5    writing.  I will not communicate with any member of the jury on anything concerning the

6    case except in writing or here in open court.  If you send out a question, I will consult

7    with the lawyers before answering it, which may take some time.  You may continue

8    your deliberations while waiting for the answer to any question.  Remember that you are

9    not to tell anyone—including the court—how the jury stands, whether in terms of vote

10   count or otherwise, until after you have reached a unanimous verdict or have been

11   discharged.

12

13

14

15

16

17

18

19

20

21

22

1        JURY INSTRUCTION NO. 35

2        A verdict form has been prepared for you.  After you have reached unanimous

3    agreement on a verdict, your presiding juror should complete the verdict form according

4    to your deliberations, sign and date it, and advise the courtroom deputy that you are ready

5    to return to the courtroom.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FINAL JURY INSTRUCTIONS - 40