UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LESLIE JACK, et al.,<br><br>　　　　　　　Plaintiffs,<br>　　v.<br><br>BORG-WARNER MORSE TEC, LLC, et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-0537JLR<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT |

## I.　INTRODUCTION

Before the court is Plaintiffs Leslie Jack and David Jack's (collectively, "Plaintiffs") motion for entry of final judgment for Defendant Union Pacific Railroad Company ("Union Pacific") pursuant to Federal Rule of Civil Procedure 54(b). (Mot. (Dkt. # 803).) Union Pacific filed no opposition to the motion (*see generally* Dkt.); however, Defendant Ford Motor Company ("Ford") opposes the motion (Ford Resp. (Dkt. # 815)). Plaintiffs filed a reply. (Reply (Dkt. # 818).) The court has considered the

ORDER - 1

motion, the parties' submissions concerning the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court DENIES Plaintiffs' motion for entry of final judgment for Union Pacific for the reasons set forth below.

## II. BACKGROUND

In April 2017, Plaintiffs filed suit against numerous suppliers and manufacturers of asbestos-containing products to which decedent Patrick Jack was allegedly exposed. (Compl. (Dkt. # 1); *see also* SAC (Dkt. # 253).) Among the Defendants was Union Pacific, which employed Mr. Jack's father during Mr. Jack's childhood. (SAC ¶ 34.) Plaintiffs alleged that Mr. Jack (1) was exposed to asbestos dust carried home on his father's work clothes, and (2) suffered bystander asbestos exposure when he accompanied his father to Union Pacific premises on various occasions between 1949 and 1952. (*See* 9/17/2018 Order (Dkt. # 706) at 4-5.)

On September 17, 2018, the court granted summary judgment for Union Pacific on both the take-home exposure claim and the bystander exposure claim. (*Id.* at 22-26, 28-30.) The court found that Plaintiffs failed to adduce any evidence that could reasonably show that Union Pacific knew or should have known of the risks of take-home asbestos exposure to the family members of its employees in and before 1955, the latest year Mr. Jack could have sustained take-home exposure. (*Id.* at 26.) The court further found that Plaintiffs failed to adduce any evidence that located asbestos-containing

---

[1] The parties request oral argument on the motion. (Mot. at 1; Ford Resp. at 1.) The court has determined that oral argument would not be of assistance in deciding the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4). Accordingly, the court DENIES the parties' requests for oral argument.

products on Union Pacific premises during the relevant period. (*Id.* at 29-30.) Subsequently, the court denied Plaintiffs' motion for reconsideration of its order granting summary judgment for Union Pacific. (9/30/2018 Order (Dkt. # 753).)

In October 2018, Plaintiffs' claims against Defendants Ford, Borg-Warner Morse Tec, LLC ("Borg-Warner"), and DCo, LLC (f/k/a Dana Companies, LLC) ("DCo") proceeded to trial. Plaintiffs and Borg-Warner settled during trial. (*See* Not. of Settlement (Dkt. # 800).) The jury returned a verdict for DCo and Ford on Plaintiffs' product liability design defect claims and product liability failure-to-warn claims. (Jury Verdict (Dkt. # 791); J. (Dkt. # 805).) The court declared a mistrial on Plaintiffs' negligence claims against DCo and Ford because the jury failed to reach a verdict on those claims. (Min. Order (Dkt. # 804).)

On October 23, 2018, Plaintiffs filed this motion. (*See* Mot.) Plaintiffs ask the court to enter final judgment for Union Pacific on the ground that there is no just reason for delay. (*Id.* at 2.) Plaintiffs argue that Plaintiffs' claims against Union Pacific "had a different factual and legal basis" than their claims against Ford and DCo, such that "the particular exposure theories against Union Pacific do not overlap with the theories raised against other Defendants." (*Id.* at 5.) Plaintiffs also argue that entry of final judgment will further judicial economy because, if Plaintiffs prevail on appeal, their claims against Union Pacific may be tried with their negligence claims against Ford and DCo. (*Id.*)

The court now considers Plaintiffs' motion.

//

//

## III. ANALYSIS

In a multi-party action, a court "may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Supreme Court has articulated a two-part test to determine whether a court may enter a final judgment pursuant to Rule 54(b). *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-10 (1980). First, the court must determine that it is dealing with a final judgment. *Id.* at 7. Second, the court must determine whether there is any just reason for delay. *Id.* at 8. In deciding whether there is just reason for delay, the court must take into account judicial administrative interests and the equities involved. *Id.* Consideration of judicial administrative interests ensures that application of Rule 54(b) "effectively preserves the historic federal policy against piecemeal appeals." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright*, 446 U.S. at 8) (internal quotation marks omitted). Ultimately, "[i]t is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Curtiss-Wright*, 446 U.S. at 8 (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 437 (1956)).

At the outset, the court notes that Plaintiffs have not shown that the equities favor entry of final judgment for Union Pacific. Plaintiffs simply argue that there is no just reason to delay entry of final judgment because, in all likelihood, a trial on Plaintiffs' remaining negligence claims will not occur for over a year. (Mot. at 2, 5-6.) However, Plaintiffs provide no evidence that entry of final judgment is necessary to avoid the sort

of "harsh and unjust result" contemplated by Rule 54(b). *See Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Moreover, considerations of judicial administration weigh against entry of final judgment for Union Pacific. Plaintiffs correctly note that the court's summary judgment ruling on their claims against Union Pacific centered on two discrete issues not directly implicated by their other claims: (1) whether Union Pacific could reasonably be charged with knowledge of the risks of take-home asbestos exposure in and before 1955; and (2) whether Plaintiffs adduced sufficient evidence to locate asbestos on Union Pacific premises during the relevant period. (Reply at 2.) But Plaintiffs frame their claims against Union Pacific in an artificially narrow fashion. Plaintiffs' claims against Union Pacific implicate issues of exposure, medical causation, legal causation, and expert opinion that are also featured in their other claims. That the court had no occasion to reach some of those questions on Union Pacific's summary judgment motion does not negate the substantial common ground between Plaintiffs' claims against Union Pacific and their claims against the remaining Defendants. As Plaintiffs themselves acknowledge, "Plaintiffs' proof against Union Pacific, Ford, and [DCo] generally involves many of the same witnesses, experts, and other evidence." (*Id.*)

Entry of final judgment for Union Pacific thus runs the risk of offending the historic federal policy against piecemeal appeals of claims with overlapping legal and factual bases. *See Wood*, 422 F.3d at 878 (quoting *Curtiss-Wright*, 446 U.S. at 8) (internal quotation marks omitted). If the court were to enter judgment for Union Pacific, by the time the Ninth Circuit considered Plaintiffs' anticipated appeal of the court's

summary judgment order, Plaintiffs' negligence claims against Ford and DCo may well have proceeded to a second trial in this court. In that event, the Ninth Circuit could conceivably face closely-related yet separate appeals, the very result a district court deciding a Rule 54(b) motion should seek to avoid. *See Curtiss-Wright*, 446 U.S. at 10.

Finally, the court is unpersuaded by Plaintiffs' argument that entry of final judgment for Union Pacific would further judicial efficiency because, should Plaintiffs prevail on appeal, their claims against Union Pacific may be tried with their outstanding negligence claims. (Mot. at 5; Reply at 3.) That argument assumes that the Ninth Circuit will decide Plaintiffs' appeal of the summary judgment order before Plaintiffs' negligence claims proceed to trial for the second trial. The court declines to speculate on the Court of Appeals' calendar or the priority of Plaintiffs' appeal. The court further declines Plaintiffs' invitation to manage its own crowded docket in accordance with the appellate calendar.

In sum, this is not "the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment" as to a certain party. *Morrison-Knudsen*, 655 F.2d at 965. Entry of final judgment for Union Pacific is thus not warranted.

//

//

//

//

## IV.     CONCLUSION

For the foregoing reasons, the court DENIES Plaintiffs' motion for entry of final judgment for Union Pacific (Dkt. # 803).

Dated this 8th day of January, 2019.

                                              The Honorable James L. Robart
                                              U.S. District Court Judge